## THE MAYOR AND COUNCIL OF THE CITY OF ROME *vs.* JAMES P. PERKINS.

1. The owner of land is entitled to just compensation before it can be taken for public use; if he see fit to waive his right and sell for the value of the property thus seized and appropriated, he can do so.

Complainant in Floyd Superior Court. Tried before Judge HAMMOND, at the January Term, 1860.

This was an action by the defendant in error, who was plaintiff in the Court below, against the Mayor and Council of the City of Rome, to recover compensation for certain

lands belonging to plaintiff, which had been seized upon and appropriated by defendant for a public street in the city of Rome.

The defendant moved to dismiss the action upon the ground, that the same could not be maintained upon the allegations contained in plaintiff's declaration.

The Court overruled the motion and defendant excepted.

The testimony being closed, the jury found for the plaintiff $285 00. Whereupon, defendant moved for a new trial on the grounds:

1st. Because the Court erred in not dismissing said action.

2d. Because the verdict was against the evidence.

3d. Because the verdict was against the law.

The Court refused the motion for a new trial, and defendant excepted, and assigns as error said refusal.

R. D. HARVEY, represented by LESTER, for the plaintiff in error.

WRIGHT and SHROPSHIRE, represented by BUCHANAN, *contra.*

*By the Court*—LUMPKIN, J., delivering the opinion.

The Mayor and Council of Rome having seized and appropriated a portion of the real estate of the defendant in the city to a public street, the action is brought to recover of the corporation the value of the property thus taken. The jury found two hundred and eighty-five dollars for the plaintiff, Perkins.

A motion was made and overruled before the case was submitted to the jury, to dismiss the action. No exceptions was taken at the time to the decision; but this is made one of the grounds for setting aside the verdict and arresting the judgment.

We think this objection, if good at all, came too late after verdict.

The landholder, instead of enjoining the corporation from taking his property before just compensation was made, or suing in trespass, brings his action to recover its value. If he is content to take this course, we do not see that the pub-

lic can object.    We shall require the plaintiff to execute and file the necessary release, to avoid all future misunderstanding.

The testimony was conflicting.   The jury have found the land to belong to the plaintiff, and we cannot say that their verdict is strongly and decidedly against the weight of evidence.