PHOEBE A. GREENE, Respondent, v. PETER COUSE, Appellant.

Title to land, established by adverse possession, is as effectual, for the pur-
pose of remedy or defense, as that created in any other manner.

The rule that where a vendee enters into possession under a contract, he
cannot, while he remains in possession, dispute the title of his vendor,
does not apply where, at the time of the contract to purchase, the
vendee is in possession as owner claiming title, and his entry was not
under his vendor.

One in possession having title may purchase an outstanding title, and thus
quiet such title and fortify his own, without being estopped from dis-
puting the title so purchased, in case it should afterwards become neces-
sary so to do.

In an action of ejectment, it was conceded that the plaintiff had the
record title to the premises. Defendant claimed by adverse possession.
It appeared that defendant entered into possession in 1882 under a
deed from A., who entered into possession in 1849 under a written
title, and that their occupation had been actual and continuous; that
none of the occupants entered under plaintiff, or any one from whom he
derived title. In 1874, plaintiff and others, claiming with him as tenants
in common, brought actions in ejectment against A. to recover the
lands in question. In March, 1875, under an agreement by which· said
actions were settled and discontinued, A. gave his promissory note to the
plaintiffs, receiving a receipt; this stated that the note was received for the
purchase-price of the premises, which plaintiff agreed to convey to A.;
the note was not paid. The trial court decided that defendant was
estopped from claiming title by adverse possession. *Held* (PARKER and
HAIGHT, JJ., dissenting), error.

*It seems* that if the adverse possession of defendant's grantor, and those
under whom he entered and claimed, had not ripened into a title at the
time of the commencement of the action so discontinued, the right to
assert the continuance thereafter of such possession would have been
defeated by the contract.

(Argued April 17, 1891; decided June 25, 1891.)

APPEAL from judgment of the General Term of the Supreme
Court in the fourth judicial department, entered upon an order
made April 17, 1888, which affirmed a judgment in favor of
plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*James R. Baumes* for appellant.    The claim of title under a written instrument and the cultivation and improvement of the lot as shown by the evidence, perfected title in the defendant's grantor after the lapse of twenty years.    (Code Civ. Pro. §§ 369, 370.)    It is not necessary that the defendant should have a rightful title in order to succeed in this action.    (*Towle* v. *Remsen*, 70 N. Y. 316; *Sands* v. *Hughes*, 53 id. 296; *Munro* v. *Merchant*, 28 id. 9.)    Possession under claim of title, with or without a valid deed, is adverse; and though the possessor's title is clearly defective, yet the true owner must sue within twenty years, or his entry is barred.    (*Clapp* v. *Bromagham*, 9 Cow. 530; *Bogardus* v. *Trinity Church*, 4 Sand. Ch. 739; *Jackson* v. *Newton*, 18 Johns. 355; *LaFrambois* v. *Jackson*, 8 Cow. 589; *Bradstreet* v. *Clark*, 12 Wend. 602.)    Couse's title, if not rightful in the first instance, had been acquiesced in so long that it had become perfect.    (*Simpson* v. *Downing*, 23 Wend. 320; *Cahill* v. *Palmer*, 45 N. Y. 478, 485; *Ward* v. *Warren*, 82 id. 265, 268; *Ottinger* v. *Strausburger*, 33 Hun, 468; *Sherman* v. *Kane*, 86 N. Y. 57; *Robinson* v. *Kime*, 70 id. 152; *Kent* v. *Harcourt*, 33 Barb. 491; *Bogardus* v. *Trinity Church*, 4 Sand. Ch. 634; *Birdsall* v. *Cary*, 66 How. Pr. 366; Herman on Estoppel [2d ed.] 1295, § 1159; *Jackson* v. *Leek*, 12 Wend. 105; *Jackson* v. *Spear*, 7 id. 403; *Jackson* v. *Given*, 8 Johns. 137–139.)    One holding adversely, or otherwise, may purchase an outstanding title to support his own, whether he doubts the validity of his previous title or not, and such purchase or purchases will not affect the right or title under which such purchaser previously claimed to hold.    (*Northrup* v. *Wright*, 7 Hill, 477, 489, 495; *Burhans* v. *Van Vandt*, 7 Barb. 92, 102; *Jackson* v. *Newton*, 18 Johns. 355; *Marble* v. *McMinn*, 57 Barb. 615; *Parker* v. *Proprietors*, 3 Met. 91; *Owen* v. *Meyers*, 20 Penn. St. 134; *Bannon* v. *Brandon*, 34 id. 263; 38 id. 63; *Lodge* v. *Patterson*, 3 Watts, 74; *Coperton* v. *Gregory*, 11 Gratt. 505; *Ridgeway* v. *Holliday*, 59 Mo. 444; *Cannon* v. *Stockton*, 36 Cal. 535; *Hayes* v. *Martin*, 45 id. 559; *Blight* v. *Rochester*, 7 Wheat. 535, 548; *Chapin* v. *Hunt*, 48 Mich. 595; *Tobey* v. *Secor*, 60 Wis.

310, 312, 313; *S. M. Co.* v. *Tillman*, 21 P. Rep. 818; *Griffith* v. *Smith*, 42 N. W. Rep. 749; *Giles* v. *Peatt*, 2 Hill, 439; 1 Greenl. on Ev. §§ 41, 42.) All the acts tending to show ownership should have been submitted to the jury. (*McTeague* v. *McTeague*, 5 N. Y. Supp. 130.) Possession is *prima facie* evidence of the highest estate, to wit, a seisin in fee. (3 Phil. on Ev. 595; *Hill* v. *Draper*, 10 Barb. 454, 458, 459; Gerard's Title to Real Estate [2d ed.] 642; *Dickinson* v. *Smith*, 25 Barb. 102.) A perfect possession, if continued without interruption during the whole period which is prescribed by the statute for the enforcement of the right of entry, is evidence of a fee. Such a title will prevail over the written title. (Angell on Lim. 396, §§ 1, 2; 1 Rumsey's Pr. 64.) An offer to buy out a hostile claim will not estop the party making such offer from asserting title by adverse possession previously acquired. (*Furlong* v. *Cooney*, 14 Pac. Rep. 12; *Frick* v. *Simon*, 17 id. 439; *P. M. Ins. Co.* v. *Strout*, 63 Cal. 150.) Where, by open and continuous adverse possession of land, under claim of ownership for over twenty years by a person and his grantors, he has gained title thereto in fee, payment of rent by him thereafter for two years to the person having the paper title will not defeat the title already gained. (*Riggs* v. *Riley*, 15 N. E. Rep. 253.) The trial court erroneously decided the case on the theory that there had been an interruption in the adverse holding of the appellant and his grantors by the agreement of Alex. Couse to purchase the Bradstreet interest. (*Barnes* v. *Light*, 116 N. Y. 34, 37; Angell on Water Courses, § 216; *Watkins* v. *Peck*, 13 N. H. 360.) The plaintiff was not entitled to recover in this action upon the third count in the complaint, because the agreement therein mentioned was rescinded by her long before the commencement of the action. (*Hubbell* v. *Mut. Ins. Co.*, 100 N. Y. 47; *Lawrence* v. *Taylor*, 5 Hill, 107, 114, 115; *Morange* v. *Morris*, 3 Keyes, 48; *Graves* v. *White*, 87 N. Y. 463, 466; *Starbird* v. *Barrows*, 38 id. 237; *Lewis* v. *McMullen*, 41 Barb. 420, 429; *Gilbert* v. *Peteler*, 38 id. 488; 38 N. Y. 165; *Gould* v. *C. C. Bank*, 86 id. 75, 86; *Harris* v.

*Hiscock*, 91 N. Y. 345.) The agreement of March 5, 1875, had no binding effect upon the defendant's grantors, because it was made without authority. (Story on Agency, § 42; *Martine* v. *I. L. Ins. Co.*, 53 N. Y. 342; Sugden on Powers, 162, 263; *Green* v. *Miller*, 6 Johns. 39; *Ex parte Rogers*, 7 Cow. 530; *McCoy* v. *Curtice*, 9 Wend. 19; *Sanford* v. *Handy*, 25 id. 479; *Bogert* v. *Hertell*, 4 Hill, 514; *Cope* v. *Gilbert*, 4 Den. 348; *Downing* v. *Rugar*, 21 Wend. 182; *Perry* v. *Tynen*, 22 Barb. 137; *Board of Excise* v. *Sacrider*, 35 N. Y. 158; *Franklin* v. *Osgood*, 14 Johns. 553, 554; *Beers* v. *Hendrickson*, 45 N. Y. 665; *Carstens* v. *Barnstorf*, 11 Abb. [N. S.] 442; *Cox* v. *N. Y. C. R. R. Co.*, 4 Hun, 176; *Mandeville* v. *Reynolds*, 68 N. Y. 529, 540.) The agreement of March 5, 1885, recites that the note was received for the purchase-price, with costs of suits, of all the interests that the Bradstreet heirs had in the land in question. The taking of a note for the purchase-price of lands or chattels does not come within the rule relating to the taking of a debtor's note for a precedent debt without an agreement that the note is taken in payment. (*Whitbeck* v. *Van Ness*, 11 Johns. 409; *Rew* v. *Barber*, 3 Cow. 272; *Breed* v. *Cook*, 15 Johns. 241; *Young* v. *Stahelin*, 34 N. Y. 258; *Noel* v. *Murray*, 13 id. 167, 171, 172; Story on Prom. Notes, § 405; *Black* v. *Zacharie*, 3 How. [U. S.] 483, 510; *Tobey* v. *Barber*, 5 Johns. 68, 72, 73.)

*W. & G. W. Youmans* for respondent. One who has recognized the title of plaintiff, by offering to purchase of him, cannot set up adverse possession. (*Jackson* v. *Button*, 4 Wend. 507; *Jackson* v. *Croy*, 12 Johns. 427; *Jackson* v. *Cuerdon*, 2 Johns. Cas. 353.)

POTTER, J. The action is ejectment and was brought to recover possession of an undivided one-twelfth part of the premises described in the complaint. The answer was a denial of the complaint, also title in the defendant, also title in the defendant arising from adverse possession of the premises for more than twenty years, and a counter-claim.

The premises as claimed in the complaint consist of one hundred and twenty acres in the north-west corner of the east half of Great Lot No. 24, Evans Patent in Delaware County.

It was stipulated by the defendant for the purpose of this appeal, that the plaintiff showed title in herself as one of the heirs at law of Martha Bradstreet, deceased, to an undivided one-twelfth of the premises in question, except as such title may have been defeated by the adverse holding of the defendant herein and his predecessors, or parted with by force of the agreement of date March 5, 1875, hereinafter set forth.

The plaintiff proved and read in evidence an instrument of which the following is a copy:

" Received from A. Couse his note of $400, for the purchase-price with costs of suits, of an undivided two-thirds interest in 100 acres in the northwest corner of Great Lot 24 Evans Patent, known as the wild lot, and being the same premises claimed to have been occupied by the said Couse for some years past and I agree to forward to said Couse by mail, within ten days, a deed therefor.

" W. YOUMANS,

"*Attorney for Bradstreet Heirs.*

" Dated DELHI, N. Y. *March* 5, 1875."

He proved that the land therein mentioned was that in dispute, also gave evidence that the note had not been paid and the recovery of a judgment upon the note which had not been paid.

The defendant examined his grantor at considerable length to prove the defense of adverse possession of the premises and that the defendant entered into the possession under a deed from his father Alexander Couse in 1882, who entered into the possession of the premises in 1849, under a deed from his father, Peter Couse, Sr., who some years before entered into possession under a written title from Joseph Nutter, and that such occupation had been continuous for over forty years and that none of the occupants had entered into possession under plaintiff or any one from whom plaintiff derived title, and was

proceeding with the examination of other witnesses upon that subject when the court ruled as follows : " The court : I think I must stop this evidence ; you must make some other defense than the Statute of Limitations or. I must direct a verdict against you. The more I think of this question, the more I think the Statute of Limitations cannot prevail here." Defendant's counsel duly excepted to such ruling and decisions. " The court rules that under the contract of March 5th, 1875, and the note of $400 given therefor and the various stipulations and contracts in connection with that, that this defendant has lost his right to avail himself of the adverse possession of himself and of his predecessors and declined to receive any further evidence of occupation and of adverse possession by the defendant and his predecessors." To which ruling and decision the defendant's counsel duly excepted.

After some additional evidence on the part of the plaintiff in relation to a subsequent arrangement as to the time and condition of delivery of the deed and payment of the purchase-price, the court directed a verdict for plaintiff to which defendant excepted.

When the defendant was thus precluded from giving further evidence on the subject of adverse possession, that already given tended to prove title by adverse possession in the defendant's grantor at the time such instrument of March 5, 1875, was made, and thus there was presented a question of fact for the jury in that respect. And title so established may be as effectual as that created in any other manner for the purposes of remedy or defense founded upon it. (*Barnes* v. *Light*, 116 N. Y. 34 ; and cases there cited.)

Upon this state of facts the question is presented whether the defendant should have been precluded or estopped from proving the defense of title to the premises by adverse possession.

The plaintiff and Alexander Couse at the time such contract was made respectively claimed to be the owner of the premises and for the purposes of the question it may here be assumed that Alexander Couse and his grantor had been in

the actual and continuous possession of the premises for forty or more years, and the plaintiff and those under whom she claimed had not during that period, if ever, been in the actual possession and that neither the said defendant nor any of his grantors had ever entered into or retained possession of the premises with any permission of or privity with the plaintiff or her predecessors in title.

In the absence of any of these relations, the defendant and his grantors owed no duty or obligation to the plaintiff and was, therefore, at liberty to fortify his title or purchase peace at any price and of whomsoever he chose.

If, however, the adverse possession of the defendant's grantor and those under whom he entered and claimed had not ripened into a title at the time the contract of March, 1875, was made, and excluding the time of the pendency of the action which was discontinued, the right to assert the continuance thereafter of such possession to perfect and support title as against the plaintiff would have been defeated by it.

I am aware of the rule that where a lessee or vendee enters into possession of premises under a lease or contract, he cannot, while he remains in possession, dispute the title of the lessor or vendor, but this case is lacking in the essential element which creates such estoppel. Neither the defendant nor his grantors entered into the possession by any manner of consent or contractual relation with the plaintiff or her ancestors or grantors. The rule in relation to estoppel does not apply "where, at the time of the purchase, the vendee is in as owner, claiming title, and his entry was not under the vendor." (*Glen* v. *Gibson*, 9 Barb. 634–640.) "Where a man is in possession of land as owner having title, he is at liberty to purchase the land over again as often as claimants shall appear, who are not in possession, and thus quiet such claims and fortify his title without being estopped from disputing the title of such subsequent vendors, should it afterwards become necessary for him to do so." (*Jackson* v. *Leek*, 12 Wend. 105; *Bain* v. *Matteson*, 54 N. Y. 666.)

Even in a consummated purchase, the grantee in fee may

purchase in an outstanding title hostile to his grantor and fortify his own defective title. (*Kenada* v. *Gardner*, 3 Barb. 589.)

In *Watkins* v. *Holman* (16 Peters, 54), it is said by the court, in discussing such relations, that "the relation of landlord and tenant in no sense exists between vendor and vendee."

Judge BRONSON, in delivering the opinion of the court in *Osterhout* v. *Shoemaker* (3 Hill, 513–518), says : " The grantee takes the land to hold for himself and to dispose of it at his pleasure. He owes no faith or allegiance to the grantor, and he does him no wrong when he treats him as an utter stranger to the title."

These views lead to the conclusion that the exceptions above mentioned were well taken and require a new trial.

Judgment should be reversed and a new trial granted, with costs to abide the event.

HAIGHT, J. (dissenting). This is an action of ejectment to recover an undivided one-twelfth part of the lands described in the complaint. The defense is adverse possession.

It appears by the stipulation of the parties that " The plaintiff showed title in herself as one of the heirs at law of Martha Bradstreet, deceased, to an undivided one-twelfth of the premises in question, except as such title may have been defeated by the adverse holding of the defendant herein and his predecessors, or parted with by force of an agreement between W. Youmans, attorney for the Bradstreet heirs and Alexander Couse, dated March 5, 1875."

It appears that on the 2d day of January, 1874, one Alexander Couse was in possession of the lands in question, and that on that day the plaintiff, with others known as the Bradstreet heirs, brought actions through W. Youmans, their attorney, against him in ejectment for the lands in question; that thereafter and on the 5th day of March, 1875, an agreement was entered into between the parties by which the actions were settled and discontinued, he agreeing to purchase the interests of the plaintiffs in the premises at a stipulated

price, giving his note therefor, and they agreeing to deliver him a deed therefor within ten days. This agreement was subsequently modified so as to provide that the deed should be delivered upon the payment of the note. The note, although long past due, has never been paid. It further appears that, on the 7th day of February, 1882, Alexander Couse quit-claimed the lands in question to his son, the defendant in this action, who thereupon entered into possession and now claims to hold the same adversely to the plaintiff.

The question thus presented for review is as to whether he can avail himself of that defense.

I shall not question the doctrine that one holding adversely and defending upon that ground, may purchase of a third person an outstanding title to support his own, whether he doubts the validity of his previous title or not, and that such purchase will not affect his right to defend under his claim of adverse possession ; but a very different question is presented by the facts under consideration.

As we have seen the plaintiff's record title is conceded. In 1874 she brought an action in ejectment to recover the possession of the premises or of her interest therein, and that action was settled and discontinued, the defendant therein agreeing to purchase her interest in the premises. By such settlement and agreement the defendant in that action not only admitted and recognized her title and right to recover, but also waived his right or claim of adverse possession, and his possession in the premises thereafter must be deemed to be under the contract of purchase. By such agreement the plaintiff was induced to discontinue her action and thus forego the establishing of her title by judicial decree. This action was brought eight years afterwards, and if the defendant is now permitted to avail himself of the defense of adverse possession he may now be able to prove and establish that which he could not have done eight years ago. He may thus be permitted to establish a defense in consequence of the agreement and a breach thereof which could not have been maintained had the settlement and agreement not been made. This should not be allowed under

the well settled principles of estoppel. The agreement placed the plaintiff in a position where she could not maintain an action to oust the defendant's grantor until he had made a breach in his contract to purchase. The defendant gets no greater or better title than his father had, and if the defense was not available to the father it would not be to the son. There is no claim of fraud or deception in making the contract.

Sedgwick & Wait in their treatise on "Trial of Title to Lands," at section 317, say: "When a person in possession of land covenants with another to pay him for the land he thereby acknowledges the title of the vendor and is estopped from setting up an outstanding title or title in himself, unless he can show that he was deceived or imposed upon in making the agreement."

In *Jackson* v. *Ayers* (14 Johnson, 224), where the defendant was in possession of land and had agreed with the plaintiff to purchase and pay him therefor, it was held in a subsequent action of ejectment that the defendant was estopped from setting up a title by adverse possession in himself.

In the case of *Jackson* v. *Britton* (4 Wendell, 507), it was held that whilst an offer to purchase land by a party having title does not impair or affect his right, it however, bars the defense of adverse possession.

In *Corning* v. *Troy Iron and Nail Factory* (34 Barbour, 485-489), HOGEBOOM, J., in delivering the opinion of the court, says: "Nor could they during the same period continue an adverse possession previously commenced. By taking a lease from the Defreests they acknowledged their title and right to convey. They held under their title and recognized it as the true title. They must be deemed to have waived any previous imperfect rights which they had already acquired under a prior incipient adverse possession. The doctrine of cumulative disabilities does not apply. The defendants are prevented from setting up during this period an adverse possession, not for the reason that they could not purchase an outstanding title for the purpose of perfecting their right or quieting their possession, but because by taking

a lease from the Defreests they have placed the latter under a disability, in a position where they cannot take proceedings to oust the defendants, and, of course, where the Statute of Limitations should not be permitted to run against them. It would seem, therefore, entirely clear that, as this lease did not expire until 1852, the defendants cannot avail themselves of the defense of adverse possession."

In *Jackson* v. *Cuerden* (2 Johnson's Cases, 353), the defendant wrote a letter to one Mary Clark, the plaintiff's lessor, in which he offered to purchase of her lands of which he was then in possession. Subsequently, and in an action of ejectment, he offered to give evidence of more than twenty years adverse possession in himself. This was excluded by the trial judge. On review it was held that the letter of the defendant was sufficient *prima facie* for the plaintiff to recover; that whilst the defendant was not precluded from showing that he grounded his letter on a mistake, he was precluded from setting up adverse possession or the Statute of Limitations; that the acknowledgment in his letter takes away the statute. (See, also, *Jackson* v. *Spear*, 7 Wendell, 401; *Fosgate* v. *Herkimer Manufacturing and Hydraulic Company*, 12 Barb. 352–356; *Tompkins* v. *Snow*, 63 id. 525–533; *Jackson* v. *Walker*, 7 Cowen, 637–642; *Sayles* v. *Smith*, 12 Wendell, 57; *Ingraham* v. *Baldwin*, 9 N. Y. 45–47; *Smith* v. *Babcock*, 36 id. 167, 168; *McMath* v. *Teel*, 64 Georgia, 595; *Garlington* v. *Copeland*, 32 S. C. 57–67; 7 Am. & Eng. Encyclopedia, 32, title "Estoppel.")

As we have seen the suits were settled and discontinued and this furnished a good consideration for the agreement which thenceforth became binding upon the parties. Their rights were fixed by it and the party in default cannot now go back and litigate questions that were disposed of in the settlement.

Again, it appears that an action was brought upon the note given by Alexander Couse and that he interposed the defense that it was given for the purchase-price of the lands in question and that the plaintiff had committed a breach of the contract in failing to deliver the deed in accordance with the

terms of the contract. Upon this issue the plaintiff had judg-
ment, thus forever disposing of the facts that the contract of
purchase was made and that there was no breach thereof on
the part of the plaintiff.

The judgment should be affirmed.

All concur with POTTER, J., except HAIGHT and PARKER, JJ ,
dissenting, and FOLLETT, Ch. J., not sitting.

Judgment reversed.