HARRELL, trustee, *et al. v.* AMERICUS REFRIGERATING Co.

Whether or not the ice-making machinery and appliances were "fix-
tures" within the meaning of the law being, under the evidence,
doubtful, and the evidence being conflicting as to whether the
title to the same was in the mortgagor at the time the mortgage
was executed, and also upon other material questions of fact in-
volved, there was no error in granting the interlocutory injunc-
tion prayed for.                          *Judgment affirmed.*
April 17, 1893. Argued at the last term.

Petition for injunction.    Before Judge FISH.   Sumter
county.   At chambers, July 30, 1892.

The petition alleged, in brief, as follows: Petitioner is the owner and in possession of a certain ice factory, comprising the land, building and machinery. All the machinery in the plant was intended to remain permanently there, and is so attached to the land and building that it would injure the building to remove it, and the machinery if removed would be of very little value, its chief value consisting in its use as part of the plant. The sheriff has a mortgage execution covering all of the machinery and all of the plant, except the building and the land, in favor of Harrell as trustee for various creditors of the Holgate Ice Machine Construction Company, and the sheriff threatens to levy upon all of the machinery, detach it from the building and bring it to sale. If he is allowed to do this, the machinery would not bring half its value, the building, having been erected for this machinery, would be of very little value, and the damage to petitioner would be irreparable. The claims alleged in the mortgage and *fi. fa.* aggregate $5,119.96 with interest, etc. On January 21, 1891, petitioner made a contract with parties composing the Holgate Company to construct for petitioner a complete ice machine (of a specified capacity, and within a certain time). In compliance with the contract petitioner expended, in buying land and erecting building, $4,176.85, and in addition paid the Holgate Company $4,333.33, the amount named as first payment in the contract. The machinery was not completed within the time specified, and petitioner was deprived of the use of its money. In the spring of 1892, the Holgate Company undertook to repair and remodel the machinery to make it comply with the contract test. Beginning April 18, 1891, the test was made, the machine utterly failed to come up to the contract, and petitioner refused to make any other payment thereon, but offered, if the Holgate Company would repay it the money so paid

out, it would turn over the entire plant, building and land to the Holgate Company. While petitioner was unwilling to accept the plant as a compliance with the contract, it had no alternative, as it had invested so much money, but to take possession and operate it with a view of trying to save some of the money so paid out. Upon taking possession and since operating the same, petitioner has found many defects in the construction of the machinery and has been compelled, at large expense, to repair and replace parts of the machinery improperly constructed. If the contract had been complied with on the part of the Holgate Company, petitioner would have had a profitable business, but with the machine as it is, it is doubtful whether petitioner can ever receive any income. After petitioner had made the first payment mentioned, and after the machinery had been attached as a fixture to the realty, the Holgate Company, without authority of law and without petitioner's consent, executed the mortgage to Harrell. Many of the debts embraced in the mortgage were for purchase money of machinery bought by the Holgate Company and by it sold to petitioner and placed in the ice factory. Two of the creditors for whose benefit the mortgage was made to Harrell have each had recorded liens covering the same debts mentioned in the mortgage, the liens being claimed on the entire plant, machinery, building and land, and both these parties have sued to enforce the liens, which suits are pending. In addition to the mortgage, the Holgate Company and the parties composing it have executed two others purporting to cover all the machinery. All these mortgages were given without authority and are a cloud upon petitioner's title, and it would be unjust to permit the creditors of the Holgate Company to proceed by foreclosing the mortgage and at the same time by suit on their liens. When the mortgage was given to Harrell, very few if any of

the creditors named therein had been consulted, and the mortgage is not being foreclosed at the instance of the creditors, the real parties, but at the instance of the Holgate Company, which knows it has failed to comply with its contract, and knowing this gave the mortgage and is now having it foreclosed, hoping that petitioner will pay out more money rather than be forced to litigate in a distant forum. The Holgate Company is insolvent. Petitioner prays for injunction against the sheriff, and that the various creditors named be enjoined from proceeding to enforce their mortgage, etc.

Harrell as trustee for the creditors made answer in which the material allegations of the petition were denied. The judge granted the injunction prayed for, and defendants excepted.

E. A. HAWKINS and DONALSON & HAWES, for plaintiffs in error.

WHEATLEY & FITZGERALD and B. P. HOLLIS, *contra*.