FANETTIE BARNES v. NANCY N. BARNES, Appellant.

Deeds: DELIVERY. One against whom there were judgments induced his mother to execute a deed of her land to his wife, in order that, with the aid of the title, he might procure a loan. It was agreed that the deed should not be recorded until necessary, and that if no loan were made it should be returned. After the mother had executed the deed, the wife took it from where it lay on the secretary and put it in a box accessible to both the husband and wife, in which were other papers of the husband, where it remained some months, when the wife surreptitiously abstracted it and recorded it. *Held,* that the wife took no title, there having been no delivery.

ESTOPPEL TO ASSERT NON-DELIVERY. A mother executed a deed to her son's wife, that he might, with the aid .of the title, secure a loan—the deed to be returned if no loan were made; and a deed was executed by the wife to the husband for the protection of the mother in case of the wife's death. The wife fraudulently recorded the deed to her, whereupon the husband gave the mother .a deed from the wife to him, and executed one to the mother, and she recorded botn deeds. The son died, and the wife sued to quiet title in herself. *Held*, that the mother, by taking the deeds and recording them, was not etopped from claiming no delivery of her deed to the wife.

*Appeal from Polk District Court.*—HON. S. F. PROUTY, Judge.

THURSDAY, APRIL 11, 1901.

ACTION to quiet title to the south half of lot 4 in block 1 of White's addition to Des Moines. Decree was entered declaring each party entitled to an undivided one-half interest therein and directing partition. Defendant appeals.— *Reversed.*

*Henderson & Berry* for appellant.

*James Nugent* for appellee.

LADD, J.—Prior to December 31, 1897, the defendant was owner of lots 3 and 4, on which had been erected five houses. On that day, through the solicitation of her son, she signed a warranty deed of the south half of lot 4 to his wife, this plaintiff. There was a house at the east end, in which the son and family had lived since 1892 without paying rent, though contributing somewhat to the payment of taxes; and another on the west, fronting on Oak street, which had been occupied by tenants of the defendant. No consideration whatever passed, and the controverted question in the case is whether this deed, though signed, was ever delivered. It seems that defendant's son, George W. Barns, desired to make certain improvements and erect an addition to the house in which he lived, and,

as he had no means, proposed that the premises be conveyed to him, that he might borrow money thereon and attend thereto without troubling his mother, who spent much of her time elsewhere. Thereupon her friend and adviser of many years, Capt. Abbott, was called in, and appears to have approved the plan; and it was arranged that, as there were judgments against the son, the deed should run to his wife; he saying that it would not be put on record until it was necessary to do so, and a loan made, and if anything happened to him his wife could deed the property back to his mother. According to the notary who took the acknowledgments, defendant, after the assurance of the Captain that she would be protected in her property rights by the above arrangement, still hesitated about signing the deed; and the matter was talked over again between her and the son in presence of the plaintiff, and the understanding had that the deed to plaintiff was to be returned to defendant or destroyed in the event the money was not borrowed. Possibly, as insisted by appellee, he may be mistaken as to her presence, but the conditions on which the deed was signed were as stated. As a part of the same transaction, plaintiff signed a similar deed to George W. Barns, that he might be able to transfer the property back to his mother in event of his wife's death. The plaintiff insists that she did not notice the deed to her until found, with the one she had signed, on the secretary, after the notary had left, and that she then placed both "in a little tin box in which we kept our receipts." It remained there until the following July, when removed by her during the last illness of her husband, and without his knowledge, it was placed on record. He thereupon delivered the deed from plaintiff to him, and another from himself to defendant, to the latter, who also recorded them. No money was borrowed, nor improvements made, and the son died August 2, 1898. From the facts stated, it is very evident that the deed to plaintiff was left with the son with the undersanding that it should not be recorded, and should be returned or

destroyed, unless used in borrowing money. True, she testified the tin box had been under her control continually, but in it were other papers of the husband. It was accessible to both alike, and apparently no more in her keeping than the contents of the home are ordinarily in that of the wife. That the situation had not changed since the deeds were signed appears from the son's indignant protest when informed that plaintiff had taken and recorded it, together with her explanation that she had done so on the advice of another, and not by his direction. Until then it had not passed beyond his control. If ever delivered, when did it occur? Certainly not when signed, for it was then procured by the son to carry out a purpose of his own, and left at his home to be made use of only on certain conditions. The finding of it on the secretary, and transfer to the tin box, or the surreptitious taking therefrom, was not a delivery, for such was not the intention of the parties to the negotiations. It was never delivered, because defendant did not intend it should be unless money were borrowed; and her son, in whose keeping it was left, never intended to pass it beyond his possession.

II. But appellant insists that as defendant received the deed from plaintiff to George W. Barns, and that from him to the mother, and placed them on record, she is estopped from denying that the deed to plaintiff was delivered. The owner of real estate loses nothing by purchasing outstanding titles, and he may utterly repudiate the one, and base his claim to the land solely on another. As he claims adversely to all, there is no reason why he may not treat the vendor or another in the chain as a stranger to the title. *Greene v. Couse,* 127 N. Y. 386 (28 N. E. Rep. 15, 13 L. R. A. 206, 24 Am. St. 459); *Cobb v. Oldfield,* 151 Ill. Sup. 540 (38 N. E. Rep. 142); *Owen v. Robbins,* 19 Ill. 555. See cases collected in 11 Am. & Eng. Enc. Law, 440. There is no reason for not permitting defendant to fortify her title by acquiring any interest her son

may have had, and yet insisting in this suit that he obtained none because the title never passed from her. No one has been prejudiced thereby, and she is not estopped from saying the deed to plaintiff was never delivered. The points raised by appellee's motion to dismiss or affirm have been disposed of by recent decisions of this court.—Reversed.