## DANIELS *v.* CHAMBERS.

A petition alleging that the defendant has damaged the plaintiff $100, for that the defendant, without warrant, right, or authority, took possession of a designated strip of land, has kept possession thereof ever since, and is now in possession, contrary to the plaintiff's right and the law, enjoying the annual profits therefrom, while the same is the right and property of the plaintiff, who has the legal title thereto, and the prayer of which petition is for process only, makes a case respecting title to land; and a city court has no jurisdiction thereof.

Certiorari, from Early superior court—Judge Sheffield. January 5, 1907.

Submitted February 25,—Decided April 20, 1907. Powell, J., being disqualified, Judge Hammond, of the Augusta circuit, was designated to preside in his stead.

*Simeon Blue,* for plaintiff.

*Pottle & Glessner,* for defendant.

HAMMOND, J. Daniels sued Chambers in the city court of Early county. Chambers demurred on the ground that the court did not have jurisdiction, the case being one "respecting title to land." The judge of the city court sustained the demurrer; a certiorari issued for the correction of this alleged error, and was dismissed by the judge of the superior court. Plaintiff excepted. The substance of plaintiff's petition was, that the defendant had damaged him in the sum of one hundred dollars, by reason of the fact that, during the year 1899, the defendant, "without any warrant, right, or authority whatever, took possession of a strip of land extending entirely across the northern end of lot of land No. 194, in the sixth district of said county, and in width one chain and sixty links, surveyor's measure, and has kept possession thereof ever since, and is now in possession thereof, contrary to his right and the law, enjoying the annual

profits therefrom, while the same is the right and property of your petitioner, and to which he has the legal title." The prayer is for process only. It is difficult to conceive of any rational theory upon which the petition could be construed to be other than a "case respecting title to land." This we think it was. Civil-Code §§ 5842 and 4951 control. *Judgment affirmed.*