## YERBY *v.* GILHAM.

1. The vendee in a contract to purchase land, who at the time of the contract is already in possession of the land and claiming ownership thereof under an adverse title, is not, in the absence of any special covenant in the contract, or other special equity standing as a sufficient foundation for it, estopped to deny the title of his vendor.
2. The verdict for the plaintiff was not demanded, and the case falls within the rule that the first grant of a new trial will not be disturbed by this court unless the verdict was required under the law and evidence.

No. 173. NOVEMBER 14, 1917.

Complaint for land. Before Judge Brand. Clarke superior court. January 16, 1917.

*B. T. Moseley* and *John J. & Roy M. Strickland,* for plaintiff.

*Erwin, Rucker & Erwin,* for defendant.

GEORGE, J. This was ejectment to recover a small tract of land and mesne profits. The trial resulted in a verdict for the plaintiff for the land and $84 profits. The defendant made a motion for a new trial, which was granted, and the plaintiff excepted.

The established rule stated in the second headnote is recognized by the plaintiff; but she insists that this case does not fall within the rule, because the evidence established in her favor (1) legal

title, (2) prescriptive title under color, and (3) estoppel of the defendant to dispute her title. She contends that the verdict was demanded under the law and evidence. After a careful examination of the record, we do not agree that the verdict finding for the plaintiff the land in dispute was required; and the verdict for mesne profits was certainly not demanded by the evidence.

The principal inquiry in the case relates to the effect of a contract made between the plaintiff and the defendant, and urged by way of estoppel. It appeared that the defendant entered into possession of the land under a purchase contract with Jackson & Vincent, to whom he had, at the time of the trial, paid the full purchase-money. After he had thus acquired possession from Jackson & Vincent, the plaintiff claimed to be the owner of the land, and defendant entered into a contract to buy the land from her. The plaintiff gave to the defendant her bond for title, and received from him purchase-money notes for the land. He failed to pay the notes, and this action was commenced.

The rule is well settled that where a vendee acquires possession of land under a contract to purchase, he can not, while he remains in possession, dispute the title of his vendor; but this case is lacking in the essential element which creates such estoppel. Neither the defendant nor his grantors acquired possession of the premises under a contract to purchase of the plaintiff or her predecessors in title. The defendant was already in possession of the land under an adverse title at the time of the making of the contract with the plaintiff. The rule would be otherwise in such case, if the contract contained an independent covenant, or if other special equities existed, sufficient to furnish a foundation for the estoppel; but ordinarily, a vendee in a contract to purchase land, who at the time of the making of such contract is already in possession of the premises, asserting title thereto under an adverse claim, and who does not acquire the possession under and by virtue of the contract, is not estopped to deny his vendor's title. No reason appears why one already in possession of land, and claiming it as his own, may not fortify his title, or buy his peace of adverse claimants, as often as they may appear, and without being estopped to deny the title of such subsequent vendors. *Beall* v. *Davenport,* 48 *Ga.* 165, 167 (15 Am. R. 656) ; 10 R. C. L. 683; 39 Cyc. 1614 (4) ; Greene *v.* Couse, 127 N. Y. 386 (28 N. E. 15,

13 L. R. A. 206, 24 Am. St. R. 458) ; Donahue *v.* Klassner, 22 Mich. 252.　　*Judgment affirmed.　All the Justices concur.*