SAWYER v. FOREMOST DAIRY PRODUCTS INC.

No. 10241. NOVEMBER 20, 1934.

*Hall & Bloch,* for plaintiff.

*Jones, Johnston, Russell & Sparks,* for defendant.

BELL, J. On April 16, 1929, Charles E. Roberts sold and conveyed to Foremost Dairy Products Inc. a tract of land in the City of Macon, together with a creamery plant and equipment situated thereon, receiving therefor a cash payment of $25,000 and a note for $25,000 due in five years, secured by a deed from the purchaser corporation purporting to convey the land only, the property being described as lots 1, 2, and 3 of a designated subdivision. On September 30, 1930, Roberts transferred this note and his rights under the security deed to Jesse B. Hart, who, on November 17, 1930, transferred the same to E. J. Sawyer. On January 6, 1932, Sawyer filed a petition against Foremost Dairy Products Inc., alleging that he was the transferee of the note and security deed referred to; that located upon the real estate described in the deed was a creamery plant with certain machinery; that the defendant was dismantling the plant and seeking to remove the machinery; and that such removal would result in injury to petitioner by greatly decreasing the value of his security. He prayed for injunction to prevent such removal. Foremost Dairy Products Inc. answered, alleging that all of the machinery, except one cooling-room, with brine-pipes, pumps, insulation and accessories, belting and shafting, consisted of articles of personal property, and were not covered by the security deed held by the plaintiff; and admitted that it was proceeding to remove such alleged personal property from the building. It answered also that there had been an agreement with Roberts, the original grantee in the security deed, providing that the machinery which the defendant was seeking to remove was not covered by the lien of this deed; and that the plain-

tiff had notice of this agreement. At interlocutory hearing the judge denied an injunction, and on exceptions by the plaintiff this judgment was affirmed. *Sawyer* v. *Foremost Dairy Products Inc.*, 176 *Ga.* 854 (169 S. E. 115). The Chief Justice, who delivered the opinion, clearly stated the issues of fact which appeared to arise from that record, and discussed fully the principles of law applicable thereto. On the subsequent trial before a jury the evidence was practically the same as upon the interlocutory hearing. The jury found in favor of the defendant. A new trial was denied, and the plaintiff excepted.

The plaintiff complained of the admission of evidence of the oral agreement between the grantor and the original grantee in the security deed, to the effect that such portions of the machinery as could be removed without material injury to the freehold were not included in the conveyance. This evidence was objected to on the ground that such agreement would not be binding upon the plaintiff, who purchased the note, together with the rights under the security deed, without notice thereof. This contention was made in several grounds of the motion for new trial; and the same question was raised in exceptions to certain extracts from the charge of the court. The motion also contained other assignments of error upon the court's charge. A minute examination of the record discloses that the case was tried in substantial accordance with the previous decision by this court, which as to legal questions involved became the law of the case. *Georgia Railway & Power Co.* v. *Decatur*, 153 *Ga.* 329 (111 S. E. 911). The court did not err in admitting the evidence to which objection was made; nor as against the plaintiff was it error to charge the jury that, as to such machinery as could be removed without material injury to the buildings, the plaintiff, though a purchaser without actual notice, would take subject to the reservation of such machinery by the grantor in the oral agreement with the grantee in the security deed. As to such articles the law "recognizes their ambiguous or variable character, and permits the parties to class them differently in different instances." *Smith* v. *Odom*, 63 *Ga.* 499, 503. In such case the very nature of the property is sufficient to put a subsequent purchaser on inquiry as to the status of the title. *Wade* v. *Johnston*, 25 *Ga.* 331; *Harrell* v. *Americus Refrigerating Co.*, 92 *Ga.* 443 (17 S. E. 623); *Wolff* v. *Sampson*,

123 *Ga.* 400, 402 (51 S. E. 335); *Power* v. *Garrison,* 141 *Ga.* 429, 434 (81 S. E. 225). The rule would seem to be otherwise as to personalty which has become integrated as a part of the realty. *Mayor &c. of Savannah* v. *Standard Fuel Co.,* 151 *Ga.* 145 (2) (106 S. E. 178); *Holland Furnace Co.* v. *Lowe,* 172 *Ga.* 815 (159 S. E. 277); *Lasch* v. *Columbus Heating Co.,* 174 *Ga.* 618 (163 S. E. 486). The court in several instances specifically instructed the jury that the parol reservation could not be enforced against the plaintiff, as an innocent purchaser, with respect to such machinery as was so attached to the realty that it could not be removed without injury to the freehold. Whether or not an oral agreement of reservation should in all cases be thus limited as against the party relying thereon, these instructions were not harmful to the plaintiff, since he should at least take notice of the "ambiguous or variable character" of personalty not so attached.

The subject-matter of the plaintiff's purchase was not a unified creamery plant, but was a purchase-money note together with the rights conveyed by a security deed purporting to convey land only. The plaintiff, therefore, is not in position to claim that he acquired the title to the various articles of the machinery as component parts of a unified and going manufacturing establishment. In *Cunningham* v. *Cureton,* 96 *Ga.* 489 (26 S. E. 420), the mortgage in question covered the land on which the mill was situated, and also the mill, mill-dam, and "all mill fixtures." Hence that case is materially different from the case at bar. Furthermore, in the prior decision in the instant case it was said: "It is a familiar rule that the effect of placing machinery as a permanent and essential part of a building, to be used only as an integral portion of a unified manufacturing plant, is determined by the intention of the person making what is called the 'annexation.' But this would not deprive a subsequent owner, if in disposing of his property he desired to sell the machinery without the real estate, or to convey the real estate (reserving to himself the right to remove the machinery), from doing either. The right to do either would be absolute if his ownership of both was complete and unrestricted." The defendant admitted that certain parts of the machinery were so attached to the building as not to be removable without material injury thereto; and these were expressly excepted from the consideration of the jury, by the charge of the

court. They were also excepted in the final decree. It appears from the record, without dispute, that all other portions of the machinery were so placed in the building that they could be removed without injury to the freehold. In these circumstances it was not reversible error that the judge in his charge referred to the machinery in actual controversy as "being personalty which could be detached without physical injury to the freehold."

It is unnecessary to enter into a detailed discussion of the many assignments of error contained in the motion for a new trial. Under the particular facts of the case the evidence objected to was clearly admissible, and the charge of the court as a whole was free from material error. The evidence authorized, if it did not demand, the verdict for the defendant, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*