### 27417.   CITY OF ATLANTA *v.* WEST.

DECIDED JULY 6, 1939.

*J. C. Savage, C. S. Winn, Bond Almand, J. C. Murphy,* for plaintiff in error.

*Candler, Cox & McLamb,* contra.

STEPHENS, P. J.   S. J. West sued the City of Atlanta, alleging in his petition that he had been continuously since 1931 the owner in fee simple of a one-foot strip of land fronting on the south side of Avon Avenue and extending southwardly along the eastern side of Princess Avenue, a full description being attached to the petition as an exhibit; that the tract was shown on a plat of the J. J. West property, recorded in plat book 5, pages 168 and 169, of the records in the office of the clerk of the superior court of Fulton County; that in the first part of 1937 the defendant began laying

a concrete sidewalk and granite curb, which was to be located on the easterly side of Princess Avenue a distance of approximately 562 feet, but instead of laying said sidewalk and curb along the easterly side of Princess Avenue, the defendant so laid the sidewalk and curb as to cover the one-foot strip owned by the plaintiff; that this constituted a confiscation of the plaintiff's property and a taking of it for public use without due process of law; that said real estate is now of no value to the plaintiff; that before the action of the defendant said real estate had a reasonable value of $2500; that the defendant for the years 1930 through 1937 valued said real estate for tax purposes at $1500; that the defendant for many years has assessed real estate in the City of Atlanta for tax purposes at sixty per cent. of its reasonable market value; that the plaintiff has been damaged in the sum of $2500; and that on the rendition of a proper judgment compensating the plaintiff and the payment of said judgment by the defendant, the plaintiff will execute any reasonable instrument as directed by the court for the purpose of releasing to the defendant all right, title, and claim of the plaintiff to said real estate. The exhibit described the one-foot strip along the east side of Princess Avenue as being 468 feet long.

The defendant answered, denying many of the allegations of the petition, and admitting the allegation that the defendant had customarily for many years assessed real estate in the City of Atlanta for tax purposes at sixty per cent. of its reasonable market value. The defendant demurred to the petition, on the ground that it was an action involving title to real estate, and that under the law only the superior court of Fulton County had jurisdiction. This demurrer was overruled, and exceptions pendente lite were filed. The plaintiff amended his petition by alleging that the tax-assessors of Atlanta assessed the property described in the petition at $1500 for the year 1938, and the plaintiff paid the taxes claimed by the defendant for the years 1937 and 1938, based on the defendant's valuation for tax purposes at $1500; and that on the facts alleged the defendant is estopped to deny the plaintiff's title and the valuation claimed by him. The parties waived a jury trial, and the court rendered a judgment in favor of the plaintiff for $1250. The defendant moved for a new trial on the general grounds, and on the grounds that the amount of the judgment was excessive; that the court erred in admitting in evidence the deed

of the plaintiff to the one-foot reservation, over objection that the description was too indefinite to identify the property or to convey title, and that the reservation of the one-foot strip of land by the former owner in dedicating the land for a street known as Princess Avenue was contrary and repugnant to the purposes of said dedication, as the reservation was made for the purpose of denying abutting-property owners access to a public street. The motion for new trial was overruled. The defendant excepted, alleging error in that ruling, and in the overruling of the demurrer.

The demurrer raised the question whether the suit was one respecting title to land and could be brought only in the superior court. The petition alleges that the city appropriated the plaintiff's land by incorporating it in a public sidewalk, and refused to pay for the land thus taken. The suit is not one to recover possession of land, or for the purpose of settling a disputed title. It is a suit to recover damages for trespass to the plaintiff's land, the title to which is not in issue, but is conceded to be in the plaintiff. See *Batson* v. *Higginbothem*, 7 *Ga. App.* 835 (68 S. E. 455) ; *Robertson* v. *Mitchell*, 166 *Ga.* 229 (142 S. E. 882). The case of *Daniels* v. *Chambers*, 1 *Ga. App.* 607 (57 S. E. 1022), is distinguishable. The allegations in the petition in that case differ materially from those of the petition in the present case. In the former there was no prayer for judgment; and as far as the vague allegations show, it was an effort to establish the plaintiff's title as against another person who was in possession and getting the annual profits. In the present case the pleadings and the evidence do not show any claim of title by the city, but it is practically conceded that the strip in question belonged to the plaintiff when the city laid the sidewalk on it. The court did not err in overruling the demurrer. It was urged for the city that the allegation that the plaintiff would make a title to the city shows that the action was one respecting title to land. This does not change the nature of the action otherwise made, appearing in the petition. In *Mayor &c. of Rome* v. *Perkins*, 30 *Ga.* 154, it appeared that the City of Rome appropriated a man's land to a public street, and suit was brought to recover of the city the value of the property thus taken. In the opinion the court said: "The landholder, instead of enjoining the corporation from taking his property before just compensation was made, or suing in trespass, brings his action to recover

its value. If he is content to take this course, we do not see that the public can object. We shall require the plaintiff to execute and file the necessary release to avoid all future misunderstanding."

■ It is contended by the defendant that the judgment is excessive, and that the damages should have been restricted to the value of the easement taken. In reply to this it may be said that the value of the property depended upon its peculiar location cutting off a few property owners from access to the street which the plaintiff's grantor had dedicated to the public, and this value was entirely destroyed by so extending the sidewalk across the plaintiff's strip as to reach the property abutting the strip on its east side. Under these circumstances it was proper to allow a recovery for the value of the strip. *Mayor &c. of Rome* v. *Perkins,* supra. In *City of Atlanta* v. *Glenn,* 17 *Ga. App.* 619 (87 S. E. 910), it was said: "The actual value of the property taken was the sole issue in the case." In regard to the claim that the amount found by the judge was excessive, it is sufficient to say that the evidence authorized the finding. There was considerable testimony pro and con, but it was shown that the city for years had assessed and taxed the strip as worth $1500, and that two owners of land abutting the strip on the east had paid $5 per front foot for the right of ingress and egress over the strip.

■ The deed, the admission of which was objected to, in describing tract 3, gives a loose description and refers to a plat which was introduced in evidence, on which there is a diagram showing the one-foot reservation. It might possibly be held that this description should be construed with the rest of the deed, so as to give the lacking elements of a good description. But it is not necessary to decide this question, since there was considerable parol testimony as to the ownership of the strip, which testimony was not objected to; and it is also true that the defendant recognized the plaintiff's title by assessing the property in his name and collecting from him taxes on it. There was no contention that the strip belonged to any person other than the plaintiff. The result of the case would have been the same if the deed had been excluded from evidence.

■ The contention that the person who gave the land for the street could not reserve a strip along one side of the street, and thus cut off the public from access to the street from property adjoin-

ing this strip, can not be sustained. It is not the law that the dedicator of a street must so extend the width of the street which he gave to the public as to accommodate landowners on the other side of the street and give them access to the street.

There was no error in overruling the motion for new trial.

*Judgment affirmed. Sutton and Felton, JJ., concur.*