### RAMSEY v. KITCHEN.

ATKINSON, Presiding Justice. 1. Where there is evidence to the effect that the real purpose of the note and deed to secure debt was to borrow money from defendant with which to pay the debt of the husband, and that the wife signed and executed the note and deed to secure debt as surety with notice on the part of the lender, the wife is entitled to submit such issue to the jury. *Braswell* v. *Federal Land Bank*, 165 *Ga.* 123 (5) (139 S. E. 861); *Magid* v. *Beaver*, 185 *Ga.* 669 (196 S. E. 422).

2. In the instant case there is no contest between the plaintiff who claimed the building, and the Southern Railway Company which owned the land on which it was situated. The railway company was not a party to the security deed, and is not a party to this case. The lease memorandum introduced in evidence referred to "a building of the party of the second part [Ramsey] on right of way of the party of the first part," the Southern Railway Company. Other uncontradicted evidence showed that: (1) the building was where the bank now stands; (2) it was moved on the Cicero Burch lot; (3) in a little while it was moved again; (4) it was subsequently moved towards the old Sellars home; (5) it was finally moved on the Southern Railway right of way. As 'between the parties to this case the evidence would have authorized a finding that the building did not become a part of the realty, but was removable as personalty, and that it was the property of Mrs. Ramsey. Code, §§ 85-105, 85-201; *Smith* v. *Odom*, 63 *Ga.* 499 (2); *Youngblood* v. *Eubanks*, 68 *Ga.* 630; *Carr* v. *Georgia Railroad*, 74 *Ga.* 73 (2); *Har-*

rell v. *Americus Refrigerating Co.*, 92 *Ga.* 443 (17 S. E. 623) ; *Power* v. *Garrison*, 141 *Ga.* 429 (2) (81 S. E. 225) ; *Armour & Co.* v. *Block*, 147 *Ga.* 639 (95 S. E. 228) ; *Wofford Oil Co.* v. *Weems-Fuller Co.*, 166 *Ga.* 173 (3), 175 (142 S. E. 887) ; *Sawyer* v. *Foremost Dairy Products*, 176 *Ga.* 854 (169 S. E. 115), s. c. 179 *Ga.* 809 (177 S. E. 584). This ruling does not conflict with the decision in *Guernsey* v. *Phinizy*, 113 *Ga.* 898 (39 S. E. 402, 84 Am. St. R. 270).

3. Where a vendee acquires possession under a contract to purchase, he can not, while he remains in possession, dispute the title of his vendor. *Yerby* v. *Gilham*, 147 *Ga.* 342 (94 S. E. 246). The doctrine that one asserting title under a conveyance is estopped to deny the truth of its recitals is based upon the "rule of common sense" that he is not at liberty to "claim under it and deny it at the same time." *Hanks* v. *Phillips*, 39 *Ga.* 550, 553; *Yahoola River Mining Co.* v. *Irby*, 40 *Ga.* 479; *Cruger* v. *Tucker*, 69 *Ga.* 557, 562; *Jenkins* v. *Southern Railway Co.*, 109 *Ga.* 35, 40 (34 S. E. 355). It does not appear in this case that the grantee in the security deed was in possession of the property; yet the foregoing principles are applicable by analogy; and accordingly the grantee in the security deed can not claim under Mrs. Ramsey as one of the grantors, and at the same time dispute her title by claiming that the building is a part of the realty of the Southern Railway Company, where such grantor is seeking to invalidate the deed because contrary to the law which prohibits suretyship by a married woman. See *Hamilton* v. *Williford*, 90 *Ga.* 210 (4) (15 S. E. 753) ; Code, § 29-102; 21 C. J. 1070, § 29.

4. Under the pleadings and the evidence, the court erred in directing the verdict in favor of the defendant.

*Judgment reversed. All the Justices concur.*

No. 13812. JULY 8, 1941.

538

*H. T. Oliver,* for plaintiff.
*R. C. Scott* and *J. B. G. Logan,* for defendant.