CITY OF ABBEVILLE *et al. v.* JAY, Solicitor-General, *ex rel.* SYMS *et al.*

No. 16740. SEPTEMBER 13, 1949.

**746**

*Henry B. Sutton* and *McDonald & McDonald*, for plaintiffs in error.

*Harvey L. Jay*, Solicitor-General, and *George M. Mixon*, contra.

CANDLER, Justice. (After stating the foregoing facts.) ■ There is no merit in the contention that the petition did not state a cause of action for the relief prayed. The State or a political subdivision thereof may dedicate lands owned by it to a particular public use. 16 Am. Jur., 356, § 13; *Mayor &c. of Macon v. Franklin*, 12 *Ga.* 239. Our Code, § 69-602, now expressly authorizes the governing body of any city or town to dedicate and set apart for use as playgrounds, recreation centers, and for other recreational purposes, any lands owned by it which have not been dedicated or devoted to another or inconsistent public use; and the Code, § 85-410, declares: "If the owner of lands, either expressly or by his acts, shall dedicate the same to public use, and the same shall be so used for such a length of time that the public accommodation or private rights might be materially affected by an interruption of the enjoyment, he may not afterwards appropriate it to private purposes." *Mayor &c. of Macon v. Franklin*, supra, was a case in which this court had an occasion to consider the right of a city to revoke a dedication that it had made of its property to a particular public use; and in that case these rules of law, which are peculiarly applicable to the case at bar, were settled: (1) "A dedication to public use, is when one being the owner of lands, consents, either expressly or by his actions, that it may be used by the public for a particular purpose." (2) "There is no particular form of making a dedication; all that is necessary, is the assent of the owner, and the fact that it has been used by the public for the purpose of the appropriation." (3) "A dedication of land to public use is in the nature of an estoppel in pais, and where an attempt is made by the proprietor to revoke it by a sale of the land, he may be enjoined by any person interested in the use." (4) "When a dedication is made by a town or city, it enures to the benefit of all who are at the time, or may afterwards become citizens of the corporation." (5) "It is not necessary that the use should be for the term of years necessary to presume a grant, but may be for a less term. It should however, be for

such a length of time that the public accommodation and private rights might be materially affected by an interruption of the enjoyment." (6) "From use, with the assent of the owner, the law draws a presumption of a dedication." (7) "It is perfectly obvious, that if a dedication of streets and squares, in our cities, was liable to be recalled at the will of the original proprietor, the most destructive hindrance would be thrown in the way of their improvement, and the rankest injustice would be visited upon individuals."

The petition in the instant case, as shown by our statement of the facts, alleges that the City of Abbeville, about forty years ago, dedicated the land in question to park or recreational purposes; that it was accepted by the public for that use; that it was developed and beautified by the ladies of the community and the United Daughters of the Confederacy largely by their labor and with money which they raised by public subscription as a memorial park to Jefferson Davis; that it is the only land in the City of Abbeville used for such purposes; that it adds much to the beauty of the city and the comfort of its citizens; that it has continuously since the date of dedication, and is now, used and enjoyed by the inhabitants of the city as a public park; and that the city is now undertaking to revoke its dedication by a sale of the property for other and private uses. Measuring these allegations by the foregoing legal principles, the petition stated a cause of action for the relief prayed and consequently the court did not err in overruling the general demurrer interposed thereto.

A different ruling from that made above is not required, as the plaintiffs in error contend, because of the location of the city's water tank on the land in question. Land may be dedicated for a particular public use with a reservation by the proprietor of a right to use it for a specified purpose not inconsistent with the legal character of the dedication. 26 C. J. S., 89, § 30. And upon authority of the ruling made in *City of Atlanta* v. *West*, 60 *Ga. App.* 269 (3 S. E. 2d, 755), Buffalo &c. R. Co. *v.* Hoyer, 214 N. Y. 236 (108 N. E. 455), and adjudicated cases from many other jurisdictions in this country, both State and Federal, we hold in this case that the city's reservation of a right to maintain its water tank on the land dedicated is not antagonistic to the use for which it was appropriated.

█ In ground 4 of the amended motion, error is assigned on the admission in evidence of a deed from Wilcox County to the City of Abbeville, dated February 7, 1898, purporting to convey the land in question. The deed was offered by the plaintiff and objected to by the defendants upon the grounds that the description contained in the deed is not sufficient to identify any land conveyed thereby, and that it does not appear, by resolution or otherwise, that the county commissioners had authority to execute the deed for and on behalf of Wilcox County. The contention is that the evidence objected to was "material, prejudicial and hurtful to movants for the reason that the plaintiffs in this case offered said deed in evidence and attempted to show title in the City of Abbeville to certain property which was claimed by the plaintiffs to have been dedicated as a public park, and this was an attempt to show the title to said property was in the City of Abbeville and that said City of Abbeville and its proper authorities had the right to dedicate said property referred to in the original petition as a public park." Obviously, the exception is without merit, since it appears from the record that the City of Abbeville claimed no title to the land in question other than that which passed to it under the deed objected to and, under the "rule of common sense," the grantee in a deed who claims title under it is estopped to dispute it. *Jenkins* v. *Southern Ry. Co.*, 109 *Ga.* 35 (34 S. E. 355); *Ramsey* v. *Kitchen*, 192 *Ga.* 535 (15 S. E. 2d, 877). In the *Jenkins* case, supra, it was said: "The doctrine that one asserting title under a conveyance is estopped to deny the truth of its recitals is based upon the 'rule of common sense,' that he is not at liberty to 'claim under it and deny it at the same time.'" But we may add to what has been said above that there is clearly no merit in the contention that the deed objected to does not sufficiently identify the land which it purported to convey.

█ Special grounds 1, 2, and 3 are substantially the same, and complain because the court directed a verdict for the plaintiff. It is insisted that there were issues of fact which should have been submitted to the jury for determination, and that a failure to do so was error. These grounds can properly be considered in connection with the general grounds of the motion, and for that reason they will be dealt with together. It is a well-established

principle of law in this State that there is no error in directing a verdict which is the inevitable and only legal result of the pleadings and the evidence. Code, § 110-104; *Morgan* v. *Burks*, 90 *Ga.* 287 (15 S. E. 821); *Darsey* v. *Darsey*, 138 *Ga.* 584 (75 S. E. 667); *Crowell Publishing Co.* v. *Jeffersonian Publishing Co.*, 144 *Ga.* 546 (87 S. E. 665); *Woodruff* v. *Executive Committee of the Baptist Convention*, 173 *Ga.* 102 (159 S. E. 855); *Biederman* v. *Jones*, 183 *Ga.* 351 (188 S. E. 519); *Foster* v. *Thomas*, 193 *Ga.* 823 (20 S. E. 2d, 80). In the present case, we think that the judge was fully authorized to direct the verdict complained of. The City of Abbeville, as the record shows, held an election on September 19, 1947, for the purpose of determining whether or not the qualified voters of the city were for or against the "disposal or sale of 144 feet of land off of the east end of the city park for a consideration of not less than $3000, with a guaranteed contract for the erection of improvements thereon amounting to an expenditure of not less than $25000." It was stated in the defendants' answer that the election had no "official standing," but it was held by the city purely for the purpose of getting from the citizens thereof an expression of their opinion as to the advisability of selling the property in controversy, and that 94 of the qualified voters of the city voted in favor of the sale and 78 against it. It is not contended in the instant case that the governing body of the city, by any formal action, dedicated the land in question to park or recreational uses, but it is insisted that the city through its governing body some forty years ago expressly consented for the public to use it for that particular purpose. Concerning this, O. F. Beckham, who, according to his testimony, was either mayor of the city or a member of the council at the time of the alleged dedication, testified for the plaintiff: "When I and the members of the City Council of Abbeville were the owners, there was no formal action taken about the park in any respect as far as giving any deed, not as I remember. Any permission given to the ladies was only by word of mouth. The ladies came and asked permission [to develop and use the property in controversy for park purposes] and we turned it over to them. They put out some shrubbery and built a fence around it. And they were to look after it and they did." We do not think it necessary in this opinion to set

out all of the evidence introduced upon the trial but, having carefully examined and considered it, we readily agree with the trial judge that a finding or verdict for the plaintiff was demanded by it. It shows unquestionably that the City of Abbeville through its governing body, some time between 1909 and 1915, consented for the land in question to be used for park purposes; that it was accepted by the public for that particular use and was by the ladies of the community and the United Daughters of the Confederacy, largely by their efforts and funds which they raised by public subscription, developed and beautified as a memorial park to Jefferson Davis; that it has been and still is a very useful park; that since the date of dedication it has been continuously used for public-park purposes; and that it has now been used as a park for such a length of time that the public accommodation would be materially affected by an interruption of the enjoyment.

■ Directly excepting thereto, the defendants complain about the decree. They contend that it neither follows the verdict, nor conforms to the pleadings. They also contend that it is erroneous because "it makes no provision for a change in conditions which may hereafter exist and would perpetually enjoin the City of Abbeville and its Mayor and Council from ever selling the property in question, although conditions might arise wherein it would be lawful and expedient to sell the same." The attack made upon the decree, that it is erroneous because it does not follow the verdict upon which it is predicated and conform to the pleadings, is obviously not meritorious. As we construe it, the decree grants only the relief prayed, and in the first division of this opinion we held that the petition stated a cause of action for the relief sought, namely, a permanent injunction against the defendants from selling that certain realty in the City of Abbeville which, according to the allegations of the petition, the city had previously dedicated to the public for park uses; and we also held in another division that the evidence demanded a finding in favor of the plaintiff for the relief prayed, and that the trial judge committed no error in directing the jury to return, as it did, a general verdict for the plaintiff. There is also no merit in the contention that the decree is erroneous because it should have been moulded so as to provide for the

city's right to sell the property in question if in the future conditions arise whereby it would be lawful and expedient for it to do so. The object of litigation is to settle existing issues between the parties thereto upon the facts as they are then found to be, and it would be foreign to our system of jurisprudence for a court to anticipate conditions which may arise in the future concerning the subject-matter in suit and undertake by its decree to adjudicate rights as they may be affected by such anticipated change in status. However, we may now say with propriety that no ruling made in the instant case would foreclose the rights of the City of Abbeville should the property in controversy be hereafter abandoned by the public for park purposes. In this connection, see *Brown* v. *East Point,* 148 *Ga.* 85 (95 S. E. 962).

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., who dissents.*

ATKINSON, Presiding Justice, dissenting. I dissent for the reason that the evidence is not sufficient to establish a dedication by a municipality.