## POWER *v.* GARRISON.

1. If one person without authority assumes to act as the agent of another, such action will not bind the purported principal; but if with notice of the facts he accepts the fruits of a contract so made, he thereby ratifies the act of the person assuming to make it as his agent, and it becomes binding upon him as if made originally by his authority. Evidence of the transaction by the purported agent was admissible when accompanied with evidence of ratification by the principal.

2. In a conveyance of land in fee, machinery attached thereto will ordinarily pass as part of the realty. But where it is intended otherwise by the parties, and they enter into a written contract expressly reserving to the seller the machinery, with the right to remove the same, such agreement will be given effect.

(a) In an action by the seller against the purchaser for conversion of the machinery, an executory contract of the character mentioned above is not inadmissible on the ground that the stipulations therein contained became merged in the deed of conveyance executed between the parties.

3. Under the terms of the contract and the facts of this case, the failure of the seller to remove the machinery within the time specified in the contract did not cause a forfeiture of the title to the property.

4. The evidence demanded a verdict for the plaintiff, and also authorized a verdict for the amount.

FEBRUARY 26, 1914.

Action for conversion. Before Judge Morris. Cobb superior court. October 19, 1912.

T. W. Garrison instituted an action against W. H. Power for conversion of certain machinery of a specified value. It was alleged, that the machinery was "all the machinery in the gin-house and adjacent thereto," located on described land which plaintiff had conveyed to defendant, but that in making the sale the machinery was reserved and did not go with the land. The answer denied the substantial allegations of the petition. The only evidence offered was that introduced by the plaintiff. It showed, among other things, that plaintiff sold the land to defendant on which was located the gin-house and machinery, and made a warranty deed conveying the land in fee simple, in which no special mention was made of the machinery. The defendant took the position that the machinery belonged to him, on the hypothesis that it was included in his purchase, and passed under the deed as a part of the land. The plaintiff contended that it was not so included and did not so pass, and, in support of this contention, introduced documentary and parol evidence tending to show that in making the sale the machinery was expressly reserved and was

never intended to be sold with the land. At the conclusion of the evidence the judge instructed the jury to find for the plaintiff, leaving them to determine the amount. A verdict was rendered for the amount alleged in the petition. A motion for a new trial was overruled, and the defendant excepted. The other facts sufficiently appear in the opinion.

*W. R. Power, George F. Gober,* and *Charles W. Griffin,* for plaintiff in error. *Mozley & Moss,* contra.

ATKINSON, J. 1. The plaintiff introduced, without objection, a deed as follows:

"State of Georgia, Cobb County. In consideration of the sum of Seventy-Six Hundred Dollars to me paid, I, T. W. Garrison, of the County of Cobb, do hereby sell and convey unto W. H. Power, of the County of Fulton, his heirs and assigns, a tract or parcel of land which is described as follows: Lots of land numbers eight hundred and eleven (811), seven hundred and seventy-five (775), seven hundred and seventy-six (776), containing forty acres (40) more or less, and the south half of lot number seven hundred and thirty-seven (737), containing twenty (20) acres more or less, said tract containing in the aggregate one hundred and eighty (180) acres more or less, all in the sixteenth (16) District and Second (2) Section of said County. To have and to hold said land and appurtenances unto said W. H. Power, his heirs, executors, administrators, and assigns, in fee simple. I warrant the title to said land against lawful claims of all persons. In witness whereof I have hereunto set my hand, and affixed my seal, this the 9th day of December, 1908. Thos. W. Garrison. (Seal).

"Signed, sealed, and delivered in the presence of:
S. A. Power.
W. R. Power, Notary Public, Cobb County, Georgia."

The plaintiff introduced also a written contract as follows:

"Marietta, Ga. Nov. 11, 1908. Received of S. A. Power for Wm. Power $50.00 part payment of Farm I have this day sold to Wm. Power for $7600 seventy-six hundred dollars, known as my home place, 4½ miles on the Cumming road. I agree to sign deed about Dec. 10, 1908, at which time he agrees to pay balance of purchase-money; and it is understood I reserve the machinery and have the right to remove same any time within twelve months.

I retain the privilege of the Gin-House until the machinery is disposed of for the twelve months as above stated." (Signed by the plaintiff and by S. A. Power.)

In connection with the foregoing evidence the plaintiff was permitted to testify to the effect that the paper was signed by S. A. Power, the brother of defendant, and himself, and that he received the $50.00 from S. A. Power at the time the paper was executed. Objection was urged to the admission of the contract, and of the testimony just stated, on the ground that the agency of S. A. Power to act for W. H. Power in the matters referred to had not been proved. In addition to the evidence mentioned, there was other parol evidence to the following effect: S. A. Power and W. H. Power, on December 9, 1908, called on plaintiff, when S. A. Power, acting as spokesman, announced in the presence of W. H. Power that they were ready to pay for the property in accordance with the contract and receive a deed. Plaintiff thereupon executed the deed to W. H. Power. The full purchase-price was $7,600, as recited in the deed, but in making the payment due allowance was made for the $50 which had been paid by S. A. Power and recited as paid in the antecedent contract. The balance of $7,550 was paid by a draft on a bank located in another town. Shortly thereafter W. H. Power moved on the land, and thereafter maintained possession. During the last week in December, 1909, which was a little more than a year after execution of the executory contract, Garrison applied to W. H. Power for permission to enter for the purpose of removing the machinery, but Power refused, stating that the time in which he was permitted under the contract to remove it had expired, and plaintiff had no right to it. There was no evidence of any other contract in regard to the right of plaintiff to remove the machinery. This parol evidence, considered in connection with the evidence objected to, shows an assumed agency upon the part of S. A. Power, on which W. H. Power acted, the fruits of which he retained. He could not be heard thereafter to deny the agency. He could not affirm the agency in part and reject it in part. *Weiner* v. *Tucker,* 139 *Ga.* 596 (77 S. E. 811). There was no error, under the circumstances, in admitting the evidence over the objection that the agency had not been proved.

2. Another objection to the admissibility of the antecedent contract was that it was merged in the deed, and, being so, became

irrelevant on the present trial. In addition to introducing the
deed and antecedent contract the plaintiff testified, in part, as fol-
lows: "This boiler that I am suing for is in a brick furnace, but
I do not think the shafting and pulleys are attached to the build-
ing; it is on a bench; the line shaft may be braced some way. The
gins are sitting on the floor; if they are braced to the floor, it is
just by clips nailed to the floor to hold them in position—cleats
around the legs. . . I ran the gins in the same positions they
are in now. . . That machinery is attached to that gin proper.
. . The engine is sitting off to the side of the boiler; it is sit-
ting in a brick wall. . . It is bolted to the brick wall and tied
so as to make it steady. . . This machinery is part of the gin-
nery located on this property that I sold W. H. Power, and it is in
the same house; and the engine is attached to a wall. I needed all
that machinery to make a ginnery, and I think it is attached to the
realty. I think it had been two years since I had used it. . .
That engine and boiler had been used for about twelve or fifteen
years. One of the gins had been used two seasons, and the other
had been run four or five seasons. That engine and boiler is the
same . . that was on the property when I bought it. . .
The engine and boiler has not been used now in about six years; the
last two seasons I staid up there I did not use it. For the last
two or three years before I left up there I patronized another gin.
. . The gin property up there is nearly in front of the residence,
and on the opposite side of the road." Another witness testified
that "the main shaft . . is braced to the building; there is a
kind of bench made there, and the shafting is sitting on that;
those benches are attached to the ground and made stationary.
The press is a fixture there—it goes to the ground, and pressed up;
there is a hole in the ground that the screw-pin goes into."

The foregoing testimony, together with the recitals of the execu-
tory contract, is practically all the evidence as to the character of
the machinery, the manner of its previous uses, or its relation to
the realty. It was in the first instance personalty, of course, but
subsequently became attached, some of it to the soil, and the rest
to the gin-house located on the land and used by plaintiff, who was
the owner of the machinery as well as of the soil, as a part of the
"ginnery" conducted by him on his farm in connection with his
farming enterprises. Under these circumstances, prima facie the

machinery became a part of the land, and would ordinarily pass in a conveyance of the land by the owner. *Brigham* v. *Overstreet,* 128 *Ga.* 447 (57 S. E. 484, 10 L. R. A. (N. S.) 462, 11 Ann. Cas. 75), and citations. See also *Smith* v. *Odom,* 63 *Ga.* 499; 13 Am. & Eng. Enc. Law, 665. It is proposed, however, to show a collateral agreement to the effect that in pursuance of the intention of the parties it was expressly stipulated in the executory contract that the machinery should be reserved to the seller. There was no such question involved in *Brigham* v. *Overstreet,* supra, or in *Cunningham* v. *Cureton,* 96 *Ga.* 489 (23 S. E. 420). In Bronson on Fixtures it is said: "Whether certain articles annexed to the realty shall pass by conveyance or not, as between grantor and grantee, may be controlled by the agreement of the parties." §§ 55, 28. The author further says, in § 55 (b): "The parties also, by an agreement extrinsic and collateral to the instrument of conveyance, may treat annexed articles as personalty or realty." To the same effect see 13 Am. & Eng. Enc. Law, 669; Ewell on Fixtures (2d ed.), 470 (*310).

In *Smith* v. *Odom,* 63 *Ga.* 499, it was held in part: "Prima facie, the running gear of a gin, in position for use, and attached to the gin-house, is a fixture and passes with the land. The gin, proper, is personalty, and does not pass without express agreement or something equivalent. The same is true of the band. But to treat all these things as fixtures, or on the other hand as personalty, is not inconsistent with an absolute deed conveying the land and appurtenances, if the true intention of the parties can be obtained from the res gestæ of the contract. . . Where his interest in a gin and band, or in these and the running gear, is retained by the vendor of the land at the time he conveys by deed, a parol agreement making such reservation and stipulating that the gin is to remain where it is, and be used by both parties, is not in conflict with the deed."

The case of *Wolff* v. *Sampson,* 123 *Ga.* 400 (51 S. E. 335), was one where Sampson sued his predecessors in title in trover for recovery of certain counters and other recited articles contained in a building he had purchased, which articles had been carried away by the defendants. Some of these articles were contained in the building at the time defendants sold and conveyed the realty to plaintiff's immediate grantor. One question was whether these

28

articles passed under the deed as a part of the realty. It was held: "As between grantor and grantee, the strict rule of common law prevails, that, in the absence of an agreement to the contrary, all fixtures, whether actually or constructively annexed to the realty, pass by a conveyance of the freehold." In the course of the opinion Cobb, J., said: "The owner of a place of trade is generally not permitted to remove trade fixtures adapted to the purpose for which the building was constructed, in the absence of an agreement to that effect, entered into at the time of the sale. In the absence of such an agreement, the fixtures will pass under the instrument which conveys title to the realty. The right to remove annexed articles as personalty may be reserved in the instrument conveying title to the realty, or by an agreement extrinsic and collateral." These authorities distinctly recognize the right of the parties to a contract for the sale of realty to reserve, by express contract, to the grantor fixtures thereon of the character involved in the present action; and that the reservation may be extrinsic of the deed. The antecedent contract objected to clearly shows the intent of the parties, and an agreement that the machinery should be reserved to the seller; and there is nothing to show the contract illegal. Under these circumstances the writing was not inadmissible on the ground that it was merged in the deed or that it was otherwise irrelevant. See also *Richards* v. *Gilbert,* 116 *Ga.* 382 (42 S. E. 715).

3. Other grounds of the motion for new trial, relative to the admissibility of evidence and the effect of the evidence as a whole, complained that inasmuch as Garrison did not apply to the defendant for the machinery until after the expiration of a year from the date of the deed, which was subsequent to that of the contract, he forfeited his right to the machinery. According to the terms of the contract, the machinery was never sold, but was expressly reserved. A failure to remove the machinery within the stipulated time in which the defendant contracted to remove it did not cause a forfeiture of the property, whatever might be said of the right of Power, after the expiration of the time, to charge for the use of the land in allowing the machinery to remain on it. The defendant below did not assert any claim of that character.

4. Applying the principles of law enumerated above, there was no error requiring a new trial in any of the grounds of the motion for new trial. Under a proper construction of the deed and the

antecedent contract, a verdict for the plaintiff was demanded. The amount found was authorized by the evidence, and there was no abuse of discretion in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*