HENRY GRADY HOTEL CO. *v.* CITY OF ATLANTA *et al.*

1. The leasehold interest owned by Henry Grady Hotel Company which arises from the contract of lease covering that portion of the Governor's mansion property at the corner of Peachtree and Cain streets in the City of Atlanta is taxable under the general language of art. 7, sec. 2, par. 1, of the constitution of Georgia (Civil Code, § 6553), relating to taxes; and such rights are included in the general provisions of the charter of the City of Atlanta, authorizing the collection of city taxes.

2. Liability for the taxes from January 1, 1924, was expressly assumed by the assignor of the plaintiff in error in the contract between the Massell Realty Company to C. R. Cannon. The contract became effective in August, 1923, and the lessee was entitled to possession until June 1, 1924, free of all rent. The lessee was therefore liable for all tax assessments for the year 1924.

3. The evidence authorized the court to find that the whole interest in the property was not assessed. The assessment was confined to the leasehold interest. It appears from the assessment sheet in the record that the property was assessed as a leasehold.

4. The court did not err in refusing to grant an injunction.

No. 5103. SEPTEMBER 28, 1926. REHEARING DENIED SEPTEMBER 30, 1926.

Petition for injunction. Before Judge Humphries. Fulton superior court. September 17, 1925.

---

Constitutional Law, 12 C. J. p. 1152, n. 94 New; p. 1255, n. 27.
Landlord and Tenant, 36 C. J. p. 114, n. 76; p. 120, n. 43.
Municipal Corporations, 28 Cyc. p. 1684, n. 12.
Taxation, 37 Cyc. p. 746, n. 77; p. 773, n. 47; p. 873, n. 3.

The Henry Grady Hotel Company filed its petition against the City of Atlanta and W. E. Harwell as marshal of said city, alleging that it was in possession of certain described property known as a part of the Governor's mansion property in the City of Atlanta; that the title to this property was in the State of Georgia; that the legislature had passed an act providing for the leasing of this property by the State, that commissioners were appointed by this act, and had leased the property to the Massell Realty Improvement Company upon the terms set forth in the lease; that the Massell Company leased the described portion of said property to C. R. Cannon; and that Cannon had assigned his right and title under this lease to the Henry Grady Hotel Company. All of this was admitted by the answer of the defendants. The lease contract from the Mansion Lease Commission of Georgia to the Massell Realty Improvement Company is attached to the petition as an exhibit. By the terms of this contract the lessee agrees to pay the following amounts in annual rental in twelve equal installments to the treasurer of the State of Georgia on or before 12 o'clock noon on the tenth day of each and every month during the period of the lease (fifty years), time being of the essence of the contract, from June 1, 1922, to May 31, 1932, the sum of $20,000 per annum; from June 1, 1932, to May 31, 1942, the sum of $25,000 per annum; from June 1, 1942, to May 31, 1952, the sum of $30,000 per annum; from June 1, 1952, to May 31, 1962, the sum of $35,000 per annum; from June 1, 1962, to May 31, 1972, the sum of $43,500 per annum. It is further provided in said lease that the lessee is bound to expend at least $100,000 in the erection of a permanent building on said property within the first twelve months of the lease period, and is likewise bound to spend an additional sum of $250,000 within the next five years of the lease period; so that by the end of the first six years of the lease period the amount expended for a permanent building or buildings on said property shall amount to not less than $350,000. It is provided further, that, upon the failure of the lessee or its successors or assigns to comply with the terms and stipulations of the lease contract, the lessor shall have the right to cancel the lease and take possession of the property upon thirty days' written notice; that no mortgage or encumbrance shall be placed on any of the buildings

or improvements to be erected, except with the express understanding that the same shall be inferior to all the lessor's rights under the lease, and that such buildings or improvements shall vest, unincumbered in lessor upon any breach or default under the conditions or stipulations herein, as well as upon the expiration of the lease contract; that, in addition to the amounts that lessor shall receive for said property, the lessee agrees to pay during the entire term of said lease all taxes, both on the lot and the improvements as they now are or may hereafter be made which may be lawfully assessed against said property, and all street and sidewalk improvements, curbing, white lights, sewer, or other kind of assessments which may be lawfully assessed against said property; that all buildings and improvements upon the premises, including elevators, heating apparatus, etc., shall be deemed and considered a part of the realty, and at the expiration of the lease period, or at the time of any default which may operate to cause a termination of the lease, shall immediately become the property of, and title vest in, the lessor free from the claims of lessee, or of its assigns, or of any person whomsoever.

Plaintiff alleges that the City of Atlanta has assessed the property of the Henry Grady Hotel Company for the year 1924, as follows: "The Henry Grady Hotel Company, southwest corner of Peachtree and Cain streets, 143 feet by 115 feet, to a ten-foot alley, assessed $304,284," amounting to $4,564.26 for taxes, for which an execution has been issued and is in the hands of the city marshal for collection; that for the year 1925 the city made the following assessment, same being in the book covering ward 6, block 4 of the city, as follows: southwest corner of Peachtree and Cain streets, 143.4 feet by 115 feet, with a ten-foot alley, value leasehold $304,284, improvements $570,724, total $875,008, sanitary assessment $18; and that the city marshal is threatening to levy on and sell said property. The City of Atlanta admits that it intends to sell, under the levy of said executions, the leasehold interest of plaintiff in said property, for the reason that the plaintiff has not paid the taxes assessed and due thereon. The plaintiff asks that the assessments and executions be enjoined, asserting that they are illegal and void; that they are a cloud upon its title; that the property is the property of the State of Georgia; that the State has a fee-simple title thereto; that the

City of Atlanta has no right or power to tax or sell the same; that plaintiff has only a usufructuary interest in said property. Plaintiff alleged and introduced testimony to prove that no other leasehold interest in Atlanta was assessed for taxes. It averred that to thus discriminate against it would amount to a violation of the fourteenth amendment to the constitution of the United States, in that plaintiff would be denied equal protection of the law; that said assessment is also violative of art. 1, sec. 1, par. 2, of the constitution of Georgia, which provides that "Protection to person and property is the paramount duty of government and shall be impartial and complete," and art. 1, sec. 1, par. 3, of the constitution of Georgia, which provides that "No person shall be deprived of life, liberty, or property, except by due process of law," and also violative of the fourteenth amendment to the constitution of the United States, which prohibits any State from depriving any person of life, liberty, or property, except by due process of law. Upon the hearing the trial judge refused an injunction, and the plaintiff excepted.

*Alston, Alston, Foster & Moise, Troutman & Troutman,* and *Walter R. Brown,* for plaintiff.

*J. L. Mayson* and *C. S. Winn,* for defendants.

RUSSELL, C. J. (After stating the foregoing facts.)

1. The Mansion Lease Commission, by the act of the General Assembly, was given carte blanche to fix the terms of the lease as they thought for the best interest of the State. In dealing with the lessee they agreed upon terms which clearly show that it was the understanding of both parties to the lease contract that the lessee was to pay all taxes lawfully assessed. Certainly it could not be argued that the lessee understood that it was exempt from all taxes. Upon the contrary, it is obvious that it was in the minds of both that the State expected the lessee to pay some taxes. Taxation is the rule, and exemption from taxation is the exception. It is true that in the leasing act the legislature made no mention of the subject of taxes. They could have expressly exempted the lessee from all taxes. They did not do so. They could have prescribed a limitation upon the commission on the subject. They did not do so. The commission therefore was acting as the agent of the State with plenary powers, and they made it plain that the lessee was to pay such taxes as were law-

fully assessed. Of course they in no event could have been expected to pay taxes not lawfully assessed. The agreement indicated that taxes were to be paid upon the lot and the improvements. If the City of Atlanta had undertaken to levy a tax upon the land itself, a different question would have been presented. What they did undertake to do was to levy a tax upon the leasehold interest. We say this because such was the finding of the trial judge upon conflicting evidence. Upon such conflicting evidence he was authorized to so find. We think it is worth while to say that the fact that the language of the contract was broad enough to include the realty presents no reason why the leasehold is not taxable even if the whole interest is not. We do not mean to hold that the taxability of the property can be fixed by contract. We refer to the terms of the contract to indicate whether or not it was in the minds of the commissioners acting for the State to exempt the lessee, or whether it was in their minds and understood by both parties that the lessee would be bound for such taxes as might be lawfully assessed. In the original contract between the Mansion Lease Commission and the Massell Realty and Improvement Company, under which the latter leased the property from the State for a period of fifty years, there is a provision with reference to taxation in the following words: "And in addition to the amounts which lessor shall receive for said property, lessee agrees to pay during the entire term of this lease all taxes both on the lot and improvements as they now are or may be hereafter made, which may be lawfully assessed against said property, and all street and sidewalk improvements, curbing, white lights, sewers, or any other kind of assessments which may be lawfully assessed against the property. . . All taxes and charges herein named shall be paid by the lessee to the lawful tax-collector within the time required by law, in ordinary course, and without penalty thereof, except in such cases as the lessee may contest the legality or amount thereof, in which event payment shall be made before levy or execution on final judgment. For all payments made by the lessee herein required to be paid to the lawful tax, or other like collecting officers, lessee shall at once furnish to the lessor duplicate receipts or satisfactory evidence of such payments." In the lease from Massell Realty and Improvement Company to C. R. Cannon (under which the plaintiff in error

holds as assignee of Cannon), "It is agreed that lessee shall, from January 1, 1924, and during the term of this lease, pay all charges, taxes, and assessments lawfully assessed against said property within the time required by the law, in ordinary course and without penalty thereof, except in such cases as lessee may contest the legality or amount thereof, in which event payment shall be made before levy or execution on final judgment. For all payments made by lessee herein required to be paid to the lawful tax, or like collecting officer, lessee shall at once furnish to lessor duplicate receipts or satisfactory evidence of such payment. It is agreed that in the event the taxing authorities shall tax the land or leasehold interest of lessor to the property described in the lease from Mansion Lease Commission of Georgia, hereinbefore referred to, separate and apart from the buildings located thereon, then in that event lessee shall pay three tenths of the entire tax, and in addition thereto shall pay such tax as may be assessed against the buildings located on the property herein leased."

C. R. Cannon leased the particular property involved in this case from the Massell Realty Company under the terms of the written contract appearing in the record, and the rights of the Henry Grady Hotel Company depend upon an assignment to it of the Cannon lease. The hotel company therefore stands for all purposes in the shoes of Cannon. From paragraph 14 of the lease from which the Henry Grady Hotel Company derives its rights, it appears that at the time of the execution of the lease contract it was understood by both lessor and lessee that the latter was not to be a mere tenant, but that in view of the length of time for which the lease was to run, the expensive improvements required, the agreement to pay taxes and assessments, as well as that the lease was to be assignable, and was assigned, the lessee was to be the proprietor of an interest defined by themselves in the contract as a "leasehold" interest, apart from a mere tenancy, which would possess an element of value which would be subject to transfer and assignment, for this is expressly provided for in the contract, and this interest the parties denominated "a leasehold interest." Paragraph 14 of the lease begins with the following words: "Lessor herein is possessed of leasehold interest in said above-described property under lease from Mansion Lease Commission

of Georgia, dated February 1, 1922, in which lease a stipulated monthly rental is to be paid to the treasurer of the State of Georgia on or before twelve o'clock noon on the 10th day of each and every month during the period covered by said lease." So we see that, within the intent of the parties to the contract now before us, the interest which Cannon assigned to the Henry Grady Hotel Company was a leasehold in the described property. Viewing the matter in the light of the fact that the parties to this contract treated the subject of the contract as a leasehold, and that it was the intention of the lessor to convey and of the lessee to accept the leasehold in the property, it seems to us that only two simple questions are involved in the adjudication as to whether the Henry Grady Hotel Company is liable to the assessment for city taxes which the trial judge refused to enjoin: First: Is the agreement that the use of the property shall constitute a leasehold contrary to law or any public policy of this State? Second: Is a leasehold interest taxable in this State?

It is provided in paragraph 14 of the contract between Massell Realty Company as lessor and C. R. Cannon as lessee: "Said lease [from Mansion Lease Commission to Massell Realty Company] provides that in the event default is made in the payment of any rents, taxes, or other assessments against the property therein leased, said Mansion Lease Commission of Georgia may, at its option, upon thirty days written notice, cancel said lease and re-enter and take possession of the property therein described. In order that full protection against default of lessor herein is granted to lessee, it is agreed that should lessor make default in the payment of rent, taxes, or other assessment, then in such event lessee herein has the right to pay such rent, taxes, or other assessment, and charge the same against the rental in this lease due and payable to lessor, or at its option hold the same as a claim against lessor, or, pro rata, against other tenants occupying portions of the premises leased by Mansion Lease Commission of Georgia to lessor. Lessee shall be entitled to receive in addition to any sum so paid, for account of lessor, interest thereon at the rate of eight per cent. per annum until the same is repaid to him." These words plainly indicate that both parties at the time of making this contract understood that the entire property leased to Massell Realty Company by the Mansion Lease Commission

was subject to taxation. Cannon not only undertook to pay tax on the portion of the property fronting on Peachtree Street, now in possession of the hotel company, but for his own protection reserved the right to pay, in case of default of the lessor (Massell Realty Company), taxes or assessments on the entire property originally leased by Massell Realty Company from the State, for which he was to receive interest "at the rate of eight per cent. per annum until the same is repaid to him." It is plain that this provision does not conflict with the public policy of the State which in some instances prevents the levy of taxes on instrumentalities used by the State as a means of obtaining revenue. Reference to the lease contract shows that it was in the minds of the State's representatives as well as the lessee that the latter would pay taxes. The lease was for a long period of time and valuable improvements and subleases were contemplated. The plaintiff in error in this case holds by assignment a sublease. All of these show that the lessee acquired a property right designated in the lease as a leasehold interest. So we answer the first question in the negative. Then, are leasehold interests taxable by the City of Atlanta and under the provisions of its charter? In no instance can a municipal subdivision of the State tax property if the State can not do so. But we think, as said by Mr. Chief Justice Warner in *W. & A. Railroad Co.* v. *State*, 54 *Ga.* 428, 439, that in the exercise of her sovereign right of taxation the State has the right to "tax the actual value of the lease owned by the company as its property in the same manner as other property of the people of the State is taxed." The State having the inherent right to tax all property not expressly exempted, we think that the provisions of section 121 of the charter of the City of Atlanta authorize the assessment for taxes and the levy therefor which is here sought to be enjoined. Section 121 is as follows: "For the purpose of raising revenue for the support and maintenance of said city government, the said mayor and general council shall have full power and authority, and they shall provide by ordinance for the assessment, levy and collection of an ad valorem tax on all real and personal property within the incorporate limits of said city, not exceeding 1-1/2 % thereof, which shall include the school tax which, under the laws of this State, is subject to taxation. Provided, nevertheless, that all assessments of real property shall be at the

cash market valuation." The precise question has not heretofore been before this court; but with few exceptions the rule has been firmly established that the exemption from taxation enjoyed by the State does not extend to the interest of a leaseholder. A very full brief will be found in 23 A. L. R. 249, containing citations not only from the Supreme Court of the United States, but also decisions from Arkansas, California, Illinois, Kansas, Kentucky, Maryland, Massachusetts, Mississippi, Nebraska, New Hampshire, New York, Ohio, Oklahoma, Tennessee, Texas, and Washington.

We have not undertaken to rule on many points suggested in the argument of learned counsel, because we think that the plaintiff agreed to pay taxes subject only to exception in case such taxes were unlawfully assessed; and we can not hold, under the evidence in the record, that it was made to appear in the lower court that the assessment upon the leasehold (for it appears in the record that only the leasehold interest was assessed) or valuation of the property was for any reason unlawful.

2, 3. The rulings in the second and third headnotes do not require elaboration.

4. The court did not err in refusing to grant an injunction.

*Judgment affirmed. All the Justices concur.*

BECK, P. J., concurs specially. HINES, J., concurs dubitante.