## WOFFORD OIL COMPANY *v.* WEEMS-FULLER COMPANY
### *et al.*

It was error to refuse an interlocutory injunction. The rulings of law applicable to the case appear in the opinion.

     No. 6336. MARCH 15, 1928. REHEARING DENIED APRIL 16, 1928.

     Petition for injunction. Before Judge Malcolm D. Jones. Bibb superior court. October 14, 1927.

     *Oliver C. Hancock,* for plaintiff.

     *Walter DeFore* and *James C. Estes,* for defendants.

     GILBERT, J. The exception is to a judgment refusing an interlocutory injunction. The case, omitting features which can not affect the present inquiry, is as follows: Plaintiff, a wholesale dealer in gasoline, motor-oils, etc., and the defendant, a retail dealer in the same products, both corporations, entered into a contract dated April 26, 1926, by the terms of which plaintiff was to sell and defendant to buy the above-mentioned products exclusively from plaintiff in conducting a filling-station, all bills to be paid "not later than the 10th of the month next after the purchase." The contract also provided for a lease of described land by defendant to plaintiff, on which the plaintiff was to "erect a service-station, the cost not to exceed $300, for the account of" the defendant for the purpose of selling said products. The contract stipulated that it was to be operative for two years from May 1, 1926. Plaintiff was to deliver the products to defendant, during the life of the contract, "at the prevailing tank-wagon prices of the Wofford Oil Company of Georgia at the date of delivery." Weems-Fuller Company was to pay all taxes, insurance, and repairs to the building, and "have the [free] use of the building for the purpose of handling exclusively the products" of Wofford Oil Company. Weems-Fuller Company did not own the land, but held it under lease from the individuals who owned all of the stock in Weems-Fuller Company. The Wofford Company fully performed its contract to furnish materials, and constructed the filling-station, gas-tanks, etc. Weems-Fuller Company performed its contract to install specified plumbing, etc. The station was opened for business, and Wofford Oil Company supplied gasoline,

Fixtures, 26 C. J. p. 677, n. 28.
Injunctions, 32 C. J. p. 21, n. 8; p. 64, n. 82; p. 224, n. 35.
Sales, 35 Cyc. p. 671, n. 41; p. 697, n. 21.

oil, etc.   During June and July, 1926, Wofford furnished these commodities to the amount of $548.37, for which Weems failed to pay as per contract.   No part of that sum has ever been paid.   Defendant was insolvent at date of the contract, unknown to plaintiff, and continued so until July 9, 1926, when it was adjudicated a bankrupt.   Defendant relinquished and abandoned the station and premises after bankruptcy proceedings were instituted, and Weems, president of said Weems-Fuller Company and a defendant and one of the owners of said land, assumed control, having acquired the interests of other owners by purchase and lease, and undertook to carry on said business in his own behalf, but no longer bought and sold Wofford products but was buying and selling Standard Oil products.   Each party contends that the other breached the contract; and as to whether Wofford refused to sell at contract prices or Weems refused to buy and pay at such prices the evidence is conflicting.   The Wofford Company prayed for an injunction against interference with their effort to remove the service-station and equipment, and against further use thereof by defendant, for a decree of title in plaintiff, cancellation of the contract, and general relief.   The defendant company and Weems insist that they are not "hopelessly" insolvent, but admit said bankruptcy, and insist that for this reason the Weems Company has no interest in said premises.   They admit dealing in other products than plaintiff's, and set up that change to other products was due to refusal of plaintiff to deliver at contract price.   They plead continuing offer to buy as per contract.

1.   The court erred in refusing to enjoin the defendants, until final trial, from using the parts of the plant. installed by plaintiff.

2.   Whatever the finding, under conflicting evidence, as to exclusively dealing in products of the Wofford Company, certainly the evidence demanded a finding that Wofford Company has never been paid anything at all for the products already supplied.   They may receive 22-½ per cent. in future as their dividend pursuant to the composition in the bankruptcy proceeding.   The remainder of the debt is discharged.   Wiping out a debt in bankruptcy is not equivalent to paying, when applied to a contract which requires payment as a condition to acquiring title to property.   According to the contract, at the expiration thereof on May 1, 1928,

the equipment and improvements erected thereon by the Wofford Company were to become the property of the Weems Company, provided the latter "complied with the terms of said contract in the handling of the products exclusively" of the Wofford Company.

3. Prima facie the filling-station fixtures would attach to the realty; but where there is a contract by the express or implied terms of which such fixtures are to be considered as personalty they will be so treated. *Smith* v. *Odom,* 63 *Ga.* 499; *Wright* v. *DuBignon,* 114 *Ga.* 765 (40 S. E. 747, 57 L. R. A. 669); *Richards* v. *Gilbert,* 116 *Ga.* 382 (42 S. E. 715); *Power* v. *Garrison,* 141 *Ga.* 429 (81 S. E. 225); *Armour* v. *Block,* 147 *Ga.* 639 (95 S. E. 228). Weems-Fuller Company abandoned the operation of the filling-station, and by so doing rendered itself incapable of performing its contract. The Wofford Oil Company could then treat such abandonment as a breach of the contract, and proceed to remove the fixtures.

4. The evidence did not authorize a finding that Weems and the Wofford Company mutually agreed to substitute Weems for the Weems-Fuller Company, as a party to the original contract, or that they had formed a new contract.

5. The defendants being insolvent, equity has jurisdiction of the case.      *Judgment reversed. All the Justices concur.*