19001.  CONLEY HOUSING CORPORATION *v.* COLEMAN, Tax Commissioner, *et al.*

Argued July 11, 1955—Decided September 12, 1955—Rehearing denied October 13, 1955.

836

*Swift, Pease, Davidson & Chapman, Rollins & Lucas, W. M. Page, Wm. E. Lucas,* for plaintiff in error.

*Theo J. McGee,* for party at interest not party to record.

*Eugene Cook, Attorney-General, Wm. H. Reynolds, Broadus B. Zellars, Deputy. Assistant Attorney-General, W. L. Norton, Jr., Ben F. Johnson, Jr., H. Grady Almand, Jr., Assistant Attorneys-General,* contra.

DUCKWORTH, Chief Justice. Although counsel, desiring to cover every possible rule of law relating in any way to the facts of this case, cite the U. S. Constitution, art. 1, sec. 8, par. 17 (Code § 1-125 (17)), which empowers Congress to exercise exclusive legislation "over all places purchased by the consent of the Legislature of the State in which the same shall be, for the erection of forts, magazines, arsenals, dock-yards and other needful buildings," they also cite Arlington Hotel Co. *v.* Fant, 278 U. S. 439 (49 Sup. Ct. 227, 73 L. ed. 447), United States *v.* Unzeuta, 281 U. S. 138 (50 Sup. Ct. 284, 74 L. ed. 761), Surplus Trading Co. *v.* Cook, 281 U. S. 647 (50 Sup. Ct. 455, 74 L. ed. 1091), and Standard Oil Co. *v.* California, 291 U. S. 242 (54 Sup. Ct. 381, 78 L. ed. 775), which hold that cession by a State legislature similar to that of Georgia in Title 15 of the Code puts the lands acquired by the United States for the purposes stated in the Constitution beyond the field of operation of State laws, and, accordingly, the State legislature can not levy a tax upon transactions begun and ended therein, and that private property located therein can not be taxed by the State. Thus supported, counsel contend the attempt to tax here is illegal. Opposing counsel cite the Constitution of Georgia which forbids tax exemptions (Code, Ann., § 2-5401); terms of the lease, which under Georgia law clearly renders the structures here sought to be

taxed severable from and not a part of the land, and expressly made the private property of the plaintiff in error; and also 10 U. S. C. A. 1270d, which provides that the lessee's interest shall be subject to State and local taxation.

Without further setting forth the arguments and citations of counsel, we will analyze the act of Congress, 10 U. S. C. A. 1270d, and see if we need consider laws relating to exemption of lands of the United States such as that upon which the buildings here involved are erected, the cession of the State and exemption from taxation found in Title 15, or the constitutional bar to exemption by the State of private property from taxation.

In order to focus the light upon the verbiage, we quote 10 U. S. C. A. 1270d, as follows: "The lessee's interest, made or created pursuant to the provisions of sections 1270-1270b, 1270d of this title, shall be made subject to State or local taxation. Any lease of property authorized under the provisions of said sections shall contain a provision that if and to the extent that such property is made taxable by State and local governments by Act of Congress, in such event the terms of such lease shall be renegotiated. Aug. 5, 1947, c. 493, § 6, 61 Stat. 775." The first sentence declares as plainly and as fully as Congress could ever say that the interest of the lessee is subject to State and local tax. Having thus, by act of Congress, subjected the interest of the lessee, which is what is here sought to be taxed, in plain and unmistakable terms, it would be nonsense for Congress to enact a subsequent law to do the same thing. The foregoing must guide in a proper construction of the succeeding sentence in the section which requires that each lease contain a clause providing that, if the "property" becomes subject to State and local taxation by virtue of an act of Congress, the terms of the lease shall be renegotiated. It should be noted that, where the law is providing for State and local taxation, it describes the property thus subject as "lessee's interest." Then when it refers to future subjection by act of Congress to State and local taxation, it describes the property to be subjected as "property." In order to construe the two sentences to refer to the same property it would be necessary to attribute to the Congress an intention to enact a solemn law for the purpose of doing precisely what it had plainly in the preceding sentence fully provided for, to wit: subject lessee's interest to State and local taxation.

There can be no denial that the property sought to be taxed is private property. Nor can it be denied that it is personalty and not realty, in view of the terms of the lease that title to all improvements shall be in the lessee and authorizing the lessee to mortgage them and remove them from the lands before a termination of the lease. See 26 C. J. 676, § 39; 36 C. J. S. 985, §§ 44-47; *Wolff* v. *Sampson,* 123 *Ga.* 400 (51 S. E. 335); *Power* v. *Garrison,* 141 *Ga.* 429 (81 S. E. 225). However, it is not necessary to determine whether the property is personalty or realty, as it is taxable either as personalty or as a leasehold interest classified as real property. See Code § 92-104; Code (Ann. Supp.) § 92-114 (Ga. L. 1937-38, Ex. Sess., pp. 156, 158); *Wright* v. *Central of Ga. Ry. Co.,* 146 *Ga.* 406, 409 (1) (91 S. E. 471); *Henry Grady Hotel Co.* v. *City of Atlanta,* 162 *Ga.* 818 (135 S. E. 68).

Therefore, Congress consenting, and the laws of Georgia requiring taxation of this private property, we find no legal justification for failure to tax it. The court did not err in sustaining the demurrers to the petition of the owner seeking to enjoin such taxation.

*Judgment affirmed. All the Justices concur.*