21988. DELTA AIR LINES, INC. v. COLEMAN, Tax Commissioner, et al.

ARGUED MARCH 11, 1963—DECIDED MAY 9, 1963—REHEARING DENIED MAY 29, 1963.

*Powell, Goldstein, Frazer & Murphy, B. D. Murphy, John T. Marshall, James N. Frazer,* for plaintiff in error.

*John R. McCannon, Kemp & Watson, John L. Watson, Jr.,* contra.

*Ellsworth Hall, Jr., Robert Culpepper, Jr., George P. Dillard, Herbert O. Edwards, Robert E. Mozley, Edward B. Liles, B. N. Nightingale, Harold Sheats, J. C. Murphy, Standish Thompson,* for party at interest not party to record on motion for rehearing.

CANDLER, Justice. The City of Atlanta owns a tract of land

in Clayton County, Georgia, which contains approximately 50 acres. For a stated amount, payable annually, it leased such tract to Delta Air Lines, Inc., a private corporation for 30 years from January 1, 1960, with the right to renew the lease for an additional 20 years if the lessee elects to do so. The city agreed to construct or cause to be constructed certain improvements on the leased premises consisting generally of hangars, office space and maintenance and storage facilities for the lessee's use, the probable cost of which would be $6,500,000, and the lessee agreed to pay it an additional amount at specified times for the use of such improvements. For the years 1961 and 1962 the lessee returned its leasehold interest in the property for ad valorem taxes in Clayton County and valued it for tax purposes at $100,000. For each of those years the county's board of tax assessors increased or changed the lessee's tax return by substituting for the value at which it returned its leasehold interest the following: "$1,625,000—Buildings, $40,900—Land." On May 31, 1961, Delta Air Lines, Inc. filed a suit in the Superior Court of Clayton County against Robert E. Coleman, as tax commissioner of that county; and also against F. A. Black, W. W. Wells and L. S. Terrell, as the members of that county's board of tax assessors. In addition to the facts stated above, its amended petition, so far as need be pointed out, alleges: The property it leased from the City of Atlanta is public property; and being such, it is exempt from ad valorem taxation. The only interest petitioner has in the leased premises is the leasehold interest it acquired from the City of Atlanta and being only a leasehold interest in public property it is not subject to ad valorem taxes. It is further alleged that if the leasehold interest which petitioner acquired from the City of Atlanta is subject to ad valorem taxation in Clayton County, it is subject to taxation only on the market value of the unexpired term of the lease and such value does not exceed $400,000. Petitioner returned it for taxes in 1961 and 1962 at $100,000, which was 25% of its actual market value, the basis on which the defendant tax assessors of Clayton County customarily and regularly assess all other real estate. The defendant tax assessors for each such year increased its value from $100,000 to $1,665,900, which is more than four times the

fair market value of its leasehold interest in the property. Since the defendant tax assessors assessed for taxes the entire interest in the leased property, it is an effort on the defendants' part to tax an interest in the leased property which the petitioner does not own and in which it has only a leasehold interest. The petition further alleges that there are a large number of leasehold estates in private property in Clayton County and the defendants have with respect to those properties assessed for taxation the entire fee interest against the respective private owner thereof and no effort has been made by the defendants to tax the leasehold estates in those properties. The property here involved and a tract of land in Clayton County which is owned by the United States and known as the Atlanta General Depot, or the Conley General Depot, on which a private corporation holds a lease, are the only exceptions to the defendants' intentional and systematic practice of assessing for taxation the entire fee interest in the property against the respective owner thereof and making no assessment against the owner of the leasehold interest therein. Such official assessments for ad valorem taxation of petitioner's leasehold interest at the sum of $1,665,900 are violative of the equal protection clause of the fourteenth amendment to the Constitution of the United States and such action of the defendant tax assessors is violative of such equal protection clause because the defendants have intentionally and systematically assessed other similar property at 25% of its true market value, whereas the assessments against the petitioner are at a rate of more than four times the true market value of the property. For such reason, the official assessments and the action of the defendants are violative of Art. I, Sec. I, Par. II of the Constitution of the State of Georgia, which provides that, "Protection to person and property is the paramount duty of government, and shall be impartial and complete." *Code* § 2-102.

The amended petition prayed for process and service; for a judgment adjudicating and declaring that the leasehold interest the petitioner acquired from the City of Atlanta is exempt from ad valorem taxation; for an injunction temporarily and permanently restraining and prohibiting collection of the taxes assessed against the leasehold interest it acquired from the City

of Atlanta; for a judgment adjudicating and declaring that petitioner's leasehold, if subject to ad valorem taxes, must be taxed on the basis of its fair market value and like other similar property in Clayton County is assessed for taxes; for a judgment adjudicating and declaring that the official assessments made against petitioner's leasehold interest at a valuation of more than its actual value, while the defendant tax assessors intentionally and systematically assess other similar property, including real estate, at 25% of its true value, is violative of the equal protection clause of the fourteenth amendment to the Constitution of the United States and Art. I, Sec. I, Par. II of the Constitution of Georgia; and for a judgment adjudicating and declaring the defendant tax assessors' official action in assessing for ad valorem taxation petitioner's leasehold, while intentionally and systematically refraining from assessing other leasehold estates in private property, is violative of the equal protection clauses of the Constitution of the United States and the Constitution of Georgia.

The defendants answered the amended petition and admitted that the City of Atlanta is the owner of the subject property; that the city leased it to the petitioner for the period and for the consideration alleged in the petition; but denied that the petitioner's leasehold interest in the property is exempt from ad valorem taxes as claimed by the petitioner. The parties stipulated that all allegations in the plaintiff's petition except those which were denied by the defendants' answer were true and that no proof thereof would be required. They also stipulated that no separate assessments were made against leasehold estates acquired in privately owned lands in Clayton County. The case resulted in a judgment declaring and adjudicating that the leasehold interest which the petitioner acquired from the City of Atlanta was subject to ad valorem taxes in Clayton County; that the assessments made against the petitioner's leasehold interest in the property which it acquired from the City of Atlanta were null and void and for such reason should be vacated and set aside and new assessments against the petitioner's leasehold estate should be made by the tax assessors of Clayton County not later than a specified date; and that in determining and fixing the value of the petitioner's leasehold estate they might consider the

value of the land and the buildings thereon including the cost of fixtures and improvements placed thereon and also facts which show whether or not the business operated thereon by the petitioner is profitable as well as any other relevant factors and circumstances, used only of course for the purpose of illustrating and throwing light on the value of the leasehold interest, reporting such valuation to the petitioner on or before a stated date. The plaintiff excepted to that judgment.

■ All public property is exempt from taxation (*Code Ann.* § 92-201; Ga. L. 1946, p. 12) ; but it is exempt only so long as it remains in public ownership. When it is sold and put into private hands, the natural implication is that it goes there with the ordinary incidents of private property and therefore is subject to being taxed. In this State there can be several separate and distinct estates in the same parcel of land, and *Code* § 92-104 requires the owner of any estate in land less than the fee to return it for taxes and pay taxes on it as on other property. A leasehold is an estate in land less than the fee; it is severed from the fee and classified for tax purposes as realty. *Code Ann.* § 92-114. When the City of Atlanta conveyed to the Delta Corporation a leasehold estate in the land here involved, it completely disposed of a distinct estate in its land for a valuable consideration, and Delta acquired it and holds it as a private owner. When any estate in public property is disposed of, it loses its identity of being public property and is subject to taxes while in private ownership just as any other privately owned property. Private property becomes public property when it passes into public ownership; and public property becomes private property when it passes into private ownership. A leasehold is property, and this court in *State of Georgia v. Davison,* 198 Ga. 27 (31 SE2d 225), held that a leasehold estate which had been conveyed in the State's University of Georgia property at Athens was subject to taxes. In that case there were two dissents relating to the character of the instrument which had been given to the lessee. Four members of the court construed it to be a leasehold and two were of the opinion that it was only a usufruct. And in *Henry Grady Hotel Co. v. City of Atlanta,* 162 Ga. 818 (135 SE 68), it was held that a leasehold estate in

property belonging to the State of Georgia which a private corporation had acquired from the State was subject to taxes which the City of Atlanta assessed against it. While we do not agree to or follow the reason given for the judgment in the *Henry Grady Hotel Co.* case, the judgment in that case is nevertheless correct since it holds that a leasehold estate which had been severed from the fee in public property could be taxed. In this connection, see *Conley Housing Corp. v. Coleman*, 211 Ga. 835 (89 SE2d 482); *Wright v. Central of Ga. R. Co.*, 146 Ga. 406 (91 SE 471); and *Western &c. R. Co. v. State*, 54 Ga. 428, 439.

■ Since the trial court found and held that the assessments which the county's board of tax assessors made against Delta's leasehold for the years 1961 and 1962 were null and void and for that reason should be vacated and set aside and that Delta's leasehold interest should be reassessed for those tax years, it is not necessary for this court to consider the question respecting their validity.

■ The formula which should be employed by tax assessors for the purpose of ascertaining and determining the value of a leasehold interest for tax purposes is the next question which we must consider and decide. All property subject to taxation must be returned and assessed for taxes at its fair market value. *Code* § 92-5701. "The intent and purpose of the tax laws of this State are to have all property and subjects of taxation assessed at the value which would be realized therefrom by cash sale, as such property and subjects are usually sold, but not by forced sale thereof, and the words 'fair market value,' when used in the tax laws, shall be held and deemed to mean what the property and subjects would bring at cash sale when sold in the manner in which such property and subjects are usually sold." *Code* § 92-5702. For the years 1961 and 1962 Delta returned the leasehold it acquired from the City of Atlanta at $100,000 for each year. The defendant tax assessors increased its value to a much larger amount. Delta was dissatisfied with the assessment and instituted this litigation in which it prayed for a judgment adjudicating and declaring, (1) whether or not its leasehold was subject to ad valorem taxation and, (2) the formula which should be employed in determining its value for

■

tax purposes, if it is in fact taxable. The trial court held that it was taxable and we agree to the correctness of that ruling. It did not agree with the valuation at which it had been assessed by Clayton County's board of tax assessors and vacated and set aside the assessment which the board had made for each tax year involved and ordered a reassessment of it for each of those years. The court found and declared that Clayton County's board of tax assessors and their successors in office, in ascertaining and fixing the value of Delta's leasehold for tax purposes, "may consider the value of the land and the buildings including cost of fixtures and improvements placed therein, and also such facts that show whether or not the business operated thereon is profitable as well as any other relevant factors and circumstance, used only of course for the purpose to illustrate and throw light upon the value of the leasehold interest." Delta excepts to this and argues that in determining the value of a leasehold for tax purposes, the tax assessors should consider only the fair market value of the unexpired term of the lease less the rents required to be paid by the lessee.

We find no Georgia case which prescribes a rule for fixing the fair market value of a leasehold for tax purposes, but as to such an interest in land, the rule of "fair market value" should always be applied. In *Pause v. City of Atlanta*, 98 Ga. 92 (26 SE 489, 58 ASR 290), damage to a leasehold estate was involved and it is said in headnote 5: "On the trial of such a case, it is competent for the plaintiff to prove that the business in question was in fact profitable, not for the purpose of recovering any loss in profits, but solely to illustrate and throw light upon the value of the premises for rent." The term "fair market value" of property is a variable expression as it relates either to the value of the fee or the value of a leasehold. The fair market value of land, whether it be the fee, a leasehold, or any other interest, is a question which necessarily addresses itself to the honesty, the experience and the familiarity with land values in a given locality of the person or persons whose duty it becomes to determine and fix it. Land in one locality may and frequently does have a value different from similar land in another locality, and this is especially true as to leaseholds. As to this question, we cannot say the court erred.

■ The record in this case shows that a large number of privately owned lands or buildings in Clayton County have been leased to private individuals or private corporations; and, as to those properties, it is alleged and stipulated that it is the practice of the tax assessors of Clayton County to assess all taxes due thereon against the owner of the fee. As to those properties, there is no allegation or proof that the owner of the fee is not paying the full tax due on the entire property. The record also shows that this property and certain property belonging to the United States known as the Atlanta General Depot, or the Conley General Depot, on which a private corporation holds a lease, are the only properties in Clayton County where the tax assessors of that county assessed taxes against the holder of the leasehold interest therein. Delta alleges and asserts that this is a discrimination against it and violates the equal protection clauses of the State and Federal Constitutions and for this position it relies on *Montgomery v. Suttles,* 191 Ga. 781 (13 SE2d 781); and *Suttles v. Montgomery,* 193 Ga. 128 (17 SE2d 734). It is true in those cases, and others like them, this court enjoined the collection of taxes because other like property was either not taxed or taxed at a materially different rate or valuation. While the rulings in those cases are sound, they are not controlling in this case. Here, as the record shows, the owners of other leased privately owned properties in Clayton County were required to pay the tax on the entire fee interest in the leased premises and there is no contention that those properties were not taxed at their full, fair market value, the fee owner thereof paying all taxes due thereon. In this case only the leasehold interest in the fee was returned by Delta for ad valorum taxation and we have held that it is taxable on the basis of its fair market value. The discrimination in taxation which the equal protection clauses forbid is the failure of the taxing authorities to tax all like property which is subject to taxation equally or to tax the property of one owner and exempt like property belonging to another owner. The fact that the owners of private property in Clayton County who have leased their property, or some interest in it, are required to pay the tax on the entire fee interest which includes of course the lease interest therein does not require this

court to hold that it would be a prohibited discrimination to require Delta, as the holder and owner of a leasehold estate in public property to pay a tax on its leasehold on the basis of its fair market value. As to those privately owned properties in which a lease estate has been given, if the fee, after deducting the value of the leased interest, were the only tax which had been imposed on them, a ruling different from the one here made would be required; but, as we have pointed out, the fee owners of those leased premises were required to pay all of the tax which the law imposes on the entire fee interest in them and the imposition of an additional tax on the leased interest in those properties would be a double tax on the same property, which is not permissible. If the owners of privately owned property in Clayton County are being required to pay tax on the entire fee interest in property where they have conveyed a leasehold interest to another, that is a matter which affects only such owners. As to this, the record shows no error.

*Judgment affirmed. All the Justices concur, except Almand, J., who dissents.*

HEAD, Presiding Justice, concurring. I concur in the opinion of Mr. Justice Candler and the judgment of the court holding that the lease of Delta Air Lines, Inc., from the City of Atlanta is taxable. It is my opinion that no other judgment could properly be rendered.

There is some authority to the contrary, but it is the general rule in this country that the exemption from taxation enjoyed by governmental agencies with respect to lands owned by them does not extend to the leasehold interest of a tenant of those lands. 23 ALR 248, et seq., and citations. See also 51 Am. Jur. 536, Taxation, § 535; 84 CJS 479, Taxation, § 254.

Under the common law a leasehold remains a chattel real. The State, however, may by statute declare its nature contrary to the common law for the purpose of taxation. *Wright v. Central of Ga. R. Co.*, 146 Ga. 406 (91 SE 471); City of Chicago v. University of Chicago, 302 Ill. 455 (134 NE 723, 23 ALR 244). In *Wright v. Central of Ga. R. Co.*, supra, it was said: "At common law the term 'real estate' does not include anything short of a freehold. 2. Kent's Com. *342, 3 Id. *401. An estate for years

in this State passes as realty. Civil Code, § 3685 [now 85-801]. It is not necessary to go into an analysis of the leasehold interest created by this lease, to determine whether the leasehold interest is to be regarded as personalty or as realty; if it be either, it is property. The Constitution requires that taxation shall be ad valorem on all property not expressly exempted, and relatively to the question of taxation it makes no substantial difference whether the property of the beneficial owner be classed as realty or personalty." While the decision of this court in the *Wright* case was reversed by the Supreme Court of the United States (Central of Ga. R. Co. v. Wright, 248 U. S. 525, 39 SC 181, 63 LE 401), the reversal was based upon a contract between the State and the railway company for the taxation of its property and not because the leasehold interest of the railroad was not property subject to taxation.

The United States Supreme Court in Trimble v. City of Seattle, 231 U. S. 683 (34 SC 218, 58 LE 435), held: "When an interest in land, whether freehold or for years, passes from the public domain into private hands, there is a natural implication that it goes with the ordinary incidents of private property and subject to be taxed." See also Metropolitan Street Railway Co. v. New York State Board of Tax Commissioners, 199 U. S. 1 (25 SC 705, 50 LE 65); J. W. Perry Co. v. City of Norfolk, 220 U. S. 472 (31 SC 465, 55 LE 548).

*Code* § 85-801 provides in part: "An estate for years is one which is limited in its duration to a period fixed or which may be made fixed and certain. If it is in lands, it passes as realty." This Code section, under the Constitution of 1877 (and the Constitution of 1945) would require the taxation of the lease held by Delta Air Lines, Inc., as realty. In *Wright v. Central of Ga. R. Co.*, 146 Ga. 406, supra, this court said that whether the lease was realty or personalty, the Constitution required its taxation.

Art. VII, Sec. I, Par. III of the Constitution of 1945 (*Code Ann.* § 2-5403), which authorizes the General Assembly to classify property for taxation, came into existence as an amendment to the Constitution of 1877 by the act of 1937 (Ga. L. 1937, p. 39), which was ratified on June 8, 1937. The Constitu-

tion of 1877 (*Code* § 2-5001) as thus amended is identical in language with the present provision of the Constitution of 1945 (*Code Ann.* § 2-5403).

Pursuant to the constitutional authority of the amendment ratified June 8, 1937, the General Assembly at the 1937-38 extraordinary session enacted a statute classifying property for taxation. Ga. L. 1937-38, Ex. Sess., p. 158. Section 2 of this act classifies leaseholds as real property, and provides that real property, including leaseholds, shall be taxed as now provided by law. *Code Ann.* § 92-114.

The rule stated in Greene Line Terminal Co. v. Martin, 122 W. Va. 483 (1) (10 SE2d 901), that "a leasehold on a city-owned wharf is not exempt from taxation, where the lessee operates the wharf on a personal profit basis, though public convenience is thereby served," is applicable here. Although the operation of Delta Air Lines, Inc., is of great public convenience, if not a necessity, its operation is on a personal profit basis, and under the applicable rules of law its leasehold interest is subject to taxation.

ALMAND, Justice, dissenting. The Atlanta Municipal Airport is owned, operated and maintained under the provisions of the Uniform Airports Law (Title 11-2 of the Code of 1933). Under this law a municipality is authorized "separately or jointly, to acquire, establish, construct, expand, own, lease, control, equip, improve, maintain, operate, regulate and police airports and landing fields for the use of aircraft, either within or without the geographical limits of such [municipality] . . . and may use for such purpose or purposes any available property that is now or may at any time hereafter be owned or controlled by such [municipality]." *Code Ann.* § 11-201. *Code* § 11-202 provides: "Any lands acquired, owned, leased, controlled, or occupied by such . . . [municipality] for the purpose or purposes enumerated in section 11-201, shall and are hereby declared to be acquired, owned, leased, controlled, or occupied for public, governmental, and municipal purposes." This court in *Sigman v. Brunswick Port Authority*, 214 Ga. 332 (2) (104 SE2d 467), held: "Property used for the purpose of public convenience and welfare in the matters of public travel and transportation and to

facilitate public transportation and as a dock or port operation, to provide buildings which the users of the port may lease, and in which to store and process commodities transported by water, is in the aid of commerce, and is for the promotion of public transportation, public commerce, and general welfare, and may properly be classified as public property and therefore exempt from taxation."

Delta Airlines under a permit or license from the City of Atlanta uses the airport in the operation of its airline service in the transportation of passengers and freight. Many of the facilities and services on the property of the airport, essential to the operation of the airport, are carried on by private persons or corporations under lease, permit or license from the city. The maintenance and repair of airplanes is just as essential to operation of an airport as the maintenance of a passenger terminal and runways for the takeoff and landing of planes. See City of Dayton v. Haines, 156 Ohio St. 366 (102 NE2d 590), and City of Toledo v. Jenkins, 143 Ohio St. 141 (54 NE2d 656).

Being of the opinion that the leasehold interest of Delta in public property and its use by Delta is for governmental, public and municipal purposes I therefore conclude that it is not subject to taxation.